851 So.2d 271 (2003)
James RAVITCH, Appellant,
v.
Tess A. WHELAN, Appellee.
No. 5D02-3893.
District Court of Appeal of Florida, Fifth District.
August 1, 2003.
*272 Shannon L. Akins of Shannon L. Akins, P. A., Orlando, for Appellant.
No Appearance for Appellee.
ORFINGER, J.
James Ravitch appeals an injunction for protection against repeat violence entered against him following the termination of his relationship with Tess Whelan. Because the record contains no evidence of any violence or misconduct to justify the issuance of an injunction, we reverse.
After dating for approximately nine months, Ravitch broke up with Whelan on September 20, 2002. They attempted reconciliation but split up again about a week later, this time at Whelan's insistence. Between September 27, 2002, and October 13, 2002, Whelan sent Ravitch five emails advising him that there would be no further effort at reconciliation. Over the course of the next month, Ravitch left messages on Whelan's voice mail system and sent her emails, none of which were hostile or threatening.
At the hearing, Whelan testified that although the parties saw one another five or six times over the five-week period following the final split-up at a restaurant/bar they both patronized, Ravitch never tried to make contact with her. On one of these occasions, Whelan went to the restaurant, sat four tables away from where Ravitch was already seated, and dined with friends. That same evening, Ravitch visited Whelan's home for the second time since the breakup, leaving some personal items belonging to Whelan on the doorstep along with two notes, a card, and a rose.
After it became apparent that no reconciliation would occur, Ravitch wrote to Whelan, asking that she repay monies allegedly owed to him. Ravitch claimed he loaned Whelan approximately $20,000 over the course of the relationship.[1] When Whelan failed to respond, Ravitch's attorney sent a letter to Whelan asking for repayment of the monies; again, Whelan did not respond.
Less than two weeks later, Whelan filed a petition for injunction for protection against repeat violence pursuant to section 784.046, Florida Statutes (2002). The petition alleged that the two qualifying instances of violence were (1) an attached diary of her "documentation of stalking" and (2) her statement that "on November 10, 2002, the phone lines to my house were destroyed." After a hearing, the trial *273 judge concluded that Ravitch had no connection with the phone line incident, but entered a final judgment of injunction for protection against repeat violence and an order taxing costs in favor of Whelan. In so doing, the court reasoned that Ravitch's attempts to contact Whelan were willful and malicious because they were in direct contravention to her instructions after she made it known she did not want contact. Ravitch now appeals.
Section 784.046, Florida Statutes (2002), authorizes an injunction for protection for victims of repeat violence. The statute defines repeat violence as "two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition." See § 784.046(1)(b), Fla. Stat. (2002). Violence means "any assault, battery, sexual battery, or stalking by a person against any other person." See § 784.046(1)(a), Fla. Stat. (2002). Section 784.048(2), Florida Statutes (2002), provides that anyone who "willfully, maliciously, and repeatedly follows or harasses another person" commits the crime of stalking. The term "harass" is defined as a series of acts over a period of time "directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." See § 784.048(1)(a), Fla. Stat. (2002). When determining whether an incident creates substantial emotional distress, courts use a reasonable person standard, not a subjective standard. See Bouters v. State, 659 So.2d 235, 238 (Fla.1995).
A repeat violence injunction must be supported by competent, substantial evidence of two incidents sufficient to meet the statutory definition of repeat violence. See McMath v. Biernacki, 776 So.2d 1039 (Fla. 1st DCA 2001) (holding that the record contained no evidence that the cited incidents constituted stalking, nor did evidence exist in the record that a reasonable person would suffer substantial emotional distress from such incidents).
Whelan's "documentation of stalking" lists emails, voice mail messages and phone conversations (some of which were admittedly initiated by Whelan after she reportedly told Ravitch not to contact her anymore). The evidence does not suggest that any of the emails or phone messages were threatening, hostile or abusive. Whelan also cites encounters at the restaurant that both of the parties frequented in her "documentation of stalking." Whelan admits, however, that Ravitch never spoke to her or approached her during these encounters. Instead, just three days before filing the petition, while Ravitch and a female companion were sitting at a table in the bar, Whelan entered the bar, saw Ravitch and opted to stay, to "demonstrate to him that she had moved on." This does not evidence a person suffering substantial emotional distress or in fear of imminent harm, nor did Whelan testify that these incidents placed her in fear. Nothing in the record demonstrates any basis for finding that a reasonable person would suffer "substantial emotional distress" from such incidents.
We conclude that no statutory basis exists for granting injunctive relief based on the incidents cited in Whelan's petition. No competent, substantial evidence exists that Whelan suffered any acts of violence or other prohibited conduct. See Anderson v. McGuffey ex rel. McGuffey, 746 So.2d 1257 (Fla. 1st DCA 2000) (holding that statutory elements not met where no evidence of repeat violence exists); Russell ex rel. Russell v. Hogan ex rel. Hogan, 738 So.2d 1003 (Fla. 2d DCA 1999). Accordingly, we reverse the trial court's final judgment imposing an injunction *274 against repeat violence and the order taxing costs against Ravitch.
REVERSED.
SAWAYA, C.J. and MONACO, J., concur.
NOTES
[1] This debt is now the subject of a lawsuit, Ravitch v. Whelan, Case No. 03-CA-39629, Circuit Civil, Brevard County, Florida.