959 So.2d 425 (2007)
Bruce SLACK, Appellant,
v.
Jean-Michel KLING, Appellee.
No. 2D06-3355.
District Court of Appeal of Florida, Second District.
June 27, 2007.
Jana Jay Malen, Naples, for Appellant.
No appearance for Appellee.
WHATLEY, Judge.
Bruce Slack appeals a final judgment of injunction for protection against repeat violence. He contends that there was no evidence establishing acts of repeat violence as defined in section 784.046, Florida Statutes (1997). We agree and reverse.
Section 784.046 provides that a person may obtain an injunction for protection in cases involving repeat violence. Repeat violence is defined as two incidents of stalking or violence.[1] § 784.046(1). A person commits the act of stalking when they "willfully, maliciously, and repeatedly" follow or harass another person. § 784.048(2), Fla. Stat. (2006). The term "harass" is *426 defined in section 784.048(1) as engaging in a series of acts over a period of time "directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." In determining if an incident causes substantial emotional distress, courts use a reasonable person standard, not a subjective standard. Ravitch v. Whelan, 851 So.2d 271, 273 (Fla. 5th DCA 2003); McMath v. Biernacki, 776 So.2d 1039, 1040 (Fla. 1st DCA 2001).
In the present case, Kling testified regarding two phone calls he received from Slack which served no legitimate purpose. Kling testified that on February 25, 2006, and June 15, 2006, Slack left a voice message stating that if Kling did not stay away from Slack's wife, Slack would make an "arrangement."[2] We conclude that nothing in the record demonstrates any basis for finding that a reasonable person would suffer "substantial emotional distress" from these two phone messages. Therefore, the trial court erred in granting the injunction.
Reversed.
CASANUEVA, J., concurs.
FULMER, C.J., concurs with opinion.
FULMER, Chief Judge, concurring.
I agree that the trial court erred in granting the injunction. At the hearing on the petition, Kling's testimony encompassed more than the two voice messages described in the majority opinion. However, at the conclusion of the hearing, the trial court announced, "I do find that the two acts do meet the terms and conditions of stalking. I do order the injunction." No further explanation of the ruling was given. A review of the hearing transcript makes clear that the two acts referred to are the two voice messages described in the majority opinion. It is, therefore, unnecessary to discuss the other testimony presented, which, in any event, does not provide a sufficient basis for the issuance of an injunction.
In my view, the trial court erred because a single voice message does not meet the definition of stalking, two incidents of which are required for issuance of an injunction for repeat violence. The definition of stalking requires that a person "willfully, maliciously, and repeatedly follow [ ], harass [ ], or cyberstalk [ ] another person." § 784.048(2), Fla. Stat. (2006). Kling does not allege that he was followed or cyberstalked by Slack. The definition of harass requires that a person engage in a course of conduct involving a series of acts over a period of time. § 784.048(1)(a), (b). A single voice message is not a course of conduct. Cf. Poindexter v. Springer, 898 So.2d 204, 207 (Fla. 2d DCA 2005) (concluding that the act of mailing three letters in one envelope was insufficient to establish a course of conduct); Dudley v. Smith, 786 So.2d 630, 631 (Fla. 5th DCA 2001) (concluding that at least four incidents of harassment are required before an injunction for repeat violence may be entered). Because Kling failed to allege and prove two separate incidents of stalking, I agree that the Final Judgment should be reversed.
NOTES
[1] There were no allegations that Slack committed an act of violence.
[2] Slack denied making these statements to Kling.