975 So.2d 500 (2007)
Derek Herman SMITH, Appellant,
v.
Lisa Renee MELCHER, Appellee.
No. 2D06-4586.
District Court of Appeal of Florida, Second District.
July 27, 2007.
*501 Philip Steinberg of Philip Steinberg, P.A., Cape Coral, for Appellant.
No appearance for Appellee Lisa Renee Melcher.
SALCINES, Judge.
Derek Herman Smith appeals the Final Judgment for Protection Against Repeat Violence which directed that for twelve months he was to have no contact with Lisa Renee Melcher. We conclude that competent, substantial evidence does not support the final judgment and reverse.
Ms. Melcher filed a petition for injunction for protection against repeat violence in accordance with section 784.046, Florida Statutes (2006). The statute creates a cause of action for a victim of "repeat violence" which is defined as "two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member." § 784.046(1)(b). "Violence" is defined as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person." § 784.046(1)(a).
In her petition, Ms. Melcher alleged she had been a victim of repeat violence due to acts committed by Mr. Smith on August 5, 2006, and August 20, 2006.[1] A hearing was conducted to consider the petition. At that hearing, testimony was received from both Ms. Melcher and Mr. Smith. Without further discussion, we affirm the trial court's determination that Mr. Smith's statements to Ms. Melcher on August 5, 2006, constituted harassment and qualified as an act of stalking as defined in section 784.048(2).[2]
The second incident alleged in the petition involved actions taken by Mr. *502 Smith at a McDonald's restaurant which were documented in a police report. Ms. Melcher and her children were patrons of the restaurant. The report indicates that Mr. Smith was circling the McDonald's in his vehicle and Ms. Melcher was "uncomfortable with him being there." The police report states that Ms. Melcher informed the officer that she was in a screened area of the restaurant and Mr. Smith was in the parking lot "looking into [the] screened area pointing at her and shaking his head." The report reveals that when the police officer arrived at the restaurant Mr. Smith was no longer on the premises.
We note that at the hearing Ms. Melcher testified that Mr. Smith pointed his finger at her and shook his head only one time. This act did not constitute stalking because the statute requires repeated acts. See § 784.048(2). Further, the act did not otherwise qualify as an act of violence because it was not an assault or any other offense listed in section 784.046(1)(a). Assault is defined in section 784.011(1), as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." While this preliminary act did not qualify as an act of violence supporting the injunction for protection, the report did continue with a further account of Mr. Smith's actions that afternoon.
Testimony was presented and the report states that while the officer was taking the report from Ms. Melcher, Mr. Smith's wife arrived in the restaurant parking lot. Thereafter, Mr. Smith arrived and found the police officer speaking to his wife in the parking lot. The report indicates that Mr. Smith approached the officer "very fast and loud in an intim[ida]ting manner. . . . He was loud and just short of being Disorderly." Mr. Smith had no interaction with Ms. Melcher during this event.
Because Mr. Smith was interacting with a police officer rather than Ms. Melcher, his action must meet the definition of aggravated harassment as set forth in section 784.048(3), in order to be considered an act of violence directed toward Ms. Melcher. Section 784.048(3) states:
Any person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person, and makes a credible threat with the intent to place that person in reasonable fear of death or bodily injury of the person, or the person's child, sibling, spouse, parent, or dependent, commits the offense of aggravated stalking, a felony of the third degree. . . .
Mr. Smith's action of being loud and intimidating to the police officer did not amount to a threat that placed Ms. Melcher in reasonable fear of death or bodily injury. The officer's report indicates that Mr. Smith's actions did not even amount to disorderly conduct. Additionally, had Mr. Smith's actions created such a fear in the officer, there was no evidence presented to indicate that the police officer was a member of Ms. Melcher's immediate family in order to qualify as an aggravated assault against Ms. Melcher.
To support an injunction against repeat violence, each incident of violence must be proven by competent, substantial evidence. See Terrell v. Thompson, 935 So.2d 592, 592 (Fla. 1st DCA 2006); Sorin v. Cole, 929 So.2d 1092, 1094-95 (Fla. 4th DCA 2006); Ravitch v. Whelan, 851 So.2d 271, 273 (Fla. 5th DCA 2003). Although there was competent, substantial evidence to support the trial court's determination that the first incident was an act of violence against Ms. Melcher, the second incident is not so supported. An injunction *503 for protection against repeat violence is properly entered only when there are two incidents of violence within the designated time period. See § 784.046(1)(b). Because the record only supports the finding of one incident of violence, we must reverse the final judgment and remand for the trial court to vacate the injunction.
Reversed and remanded with directions.
FULMER, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
NOTES
[1] The petition also included allegations concerning actions of Mr. Smith on September 11, 2006, at Ms. Melcher's place of employment. In its oral ruling, the trial court did not discuss these actions and apparently concluded the acts did not support a finding that an incident of violence had occurred.
[2] Section 784.048(2) defines stalking: "Any person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking. . . ." See also § 784.048(1)(a): "`Harass' means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose."