SILBERMAN, Judge.
 

 Terry L. Singletary seeks review of the final judgment of injunction for protection against repeat violence which was entered against him pursuant to section 784.046(2), Florida Statutes (2009). We reverse because the evidence does not support a finding that Singletary committed two incidents of violence against Kathryn A. Greever as required by the statute.
 

 Greever filed a petition for injunction for protection against repeat violence against Singletary alleging that Singletary committed two incidents of violence against her at her home and her place of employment. At the hearing on the petition, Greever testified that Singletary’s daughter and Greever’s son were engaged and living with Greever. Despite their children’s relationship, however, Greever and Singletary had never met. Greever testified that, on one occasion, Singletary came to her home with the intention of giving his daughter a Christmas present. Single-tary did not enter the home but gave his daughter the present outside. Greever did not explain why she considered this visit to be an incident of violence except to say that Singletary “does have a past with his ex-wife.”
 

 Singletary testified that he rang the doorbell at Greever’s house and heard a voice ask, “What is he doing here?” Sin-gletary’s daughter then came outside and told Singletary that Greever did not like him and that he must leave. Singletary gave his daughter the present and left. He claimed he had no idea why Greever did not like him and that he left without incident.
 

 A coworker of Greever’s who worked as a bank teller testified that, on another occasion, Singletary came to the credit union where Greever was employed. Single-tary asked the teller whether she knew an employee named Kathy who had red hair and two sons. Singletary told the teller that he had gone to Greever’s house and heard Greever talking inside. When the teller asked Singletary if Greever knew him, he replied “kind of, but she will when I show up at her door with a gun in my hand.” The teller completed Singletary’s transaction without further incident, and Singletary left without having contact with Greever.
 

 Singletary testified that he had been a client of the credit union’s for years and admitted that he went there two or three weeks after his visit to Greever’s house. While he admitted to asking the teller about Greever, he denied making any threats or mentioning a gun. The trial court granted Greever’s petition based on its conclusion that these two incidents qualified as repeat violence under section 784.046(2).
 

 Section 784.046(2) creates a cause of action for an injunction for protection against repeat violence. “ ‘Violence’
 
 *702
 
 means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a). “Repeat violence” is defined as “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b). The repeat violence must be proven by competent, substantial evidence in order to support the issuance of an injunction.
 
 Smith v. Melcher,
 
 975 So.2d 500, 502 (Fla. 2d DCA 2007).
 

 We agree that the evidence in this case is insufficient to support a finding that Singletary committed two incidents of violence against Greever. In the incident at Greever’s house, there was no evidence that Singletary had any contact with Greever or made any threats toward Greever. Thus, Singletary did not commit any acts of violence directed toward Greever on that occasion.
 

 Additionally, the incident at the credit union did not involve a threat of violence that amounted to an assault because there was no overt act demonstrating that the violence was imminent.
 
 See
 
 § 784.011(1);
 
 Santiago v. Towle,
 
 917 So.2d 909, 911 (Fla. 5th DCA 2005) (holding that defendant’s statement to third party that he “had a gun and was not afraid to use it” did not constitute an incident of violence because there was no “overt act indicating an ability to carry out the threat or justifying a belief that violence was imminent”);
 
 Johnson v. Brooks,
 
 567 So.2d 34, 35 (Fla. 1st DCA 1990) (holding that telephonic threats did not constitute incidents of violence because there was no evidence defendant did any act to create a fear of imminent violence).
 

 Because the repeat violence is not supported by competent, substantial evidence, we reverse the final judgment and remand for the trial court to vacate the injunction.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and WHATLEY, J., Concur.