CASANUEVA, Judge.
Micah Jones appeals an order granting Lawrence Jackson an injunction for protection against repeat violence. Mr. Jones argues that his actions did not constitute repeat violence under section 784.046, Florida Statutes (2009), because there was no competent, substantial evidence that his actions amounted to stalking. We agree and reverse.
Section 784.046 provides injunctive relief from repeat violence for “two incidents of violence or stalking.” Willful, malicious, and repeated harassment constitutes stalking. § 784.048(2). Mr. Jackson testified *1204 that he received threatening phone calls and text messages from Mr. Jones. However, these particular threats would not have caused a reasonable person substantial emotional distress. See § 784.048(l)(a) (defining “harassment” as “a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose”); Slack v. Kling, 959 So.2d 425, 426 (Fla. 2d DCA 2007) (utilizing the reasonable person standard to determine whether the petitioner suffered substantial emotional distress). In fact, the only evidence about Mr. Jackson’s emotional response was that he “was calm” after receiving one of the threats. His testimony supports our conclusion that the threats would not have caused a reasonable person in Mr. Jackson’s shoes to suffer substantial emotional distress. Therefore, Mr. Jones’s direct threats did not amount to harassment.
Mr. Jackson also testified that Mr. Jones made statements to third parties suggesting he would do violence to Mr. Jackson. Indirect contact can constitute harassment. See, e.g., Seitz v. State, 867 So.2d 421, 422-23 (Fla. 3d DCA 2004) (publicizing of victim’s pharmaceutical records caused emotional distress and constituted harassment). But, like the direct threats in this case, these statements would not have caused a reasonable person in Mr. Jones’s place to suffer substantial emotional distress.
In summary, Mr. Jackson’s testimony failed to establish harassment because a reasonable person would not have suffered emotional distress from Mr. Jones’s threats or statements. Without harassment there was no proof of stalking, and without stalking there was no proof of “repeat violence.” Therefore, the trial court erred in granting the injunction for protection against repeat violence.
Reversed.
WHATLEY, J., Concurs.
ALTENBERND, J., Concurs with opinion.