82 So.3d 1132 (2012)
C.S., ex rel. D.A.S., Appellant,
v.
T.S.P., ex rel. A.M.P., Appellee.
No. 2D10-4451.
District Court of Appeal of Florida, Second District.
March 7, 2012.
James W. Chandler of Law Office of David T. Agoston, P.A., Naples, for Appellant.
No appearance for Appellee.
*1133 NORTHCUTT, Judge.
D.A.S., a minor, challenges an injunction for protection against dating violence obtained on behalf of his former girlfriend, A.M.P. We reverse because the injunction was unsupported by legally sufficient allegations or evidence.
In August 2010, A.M.P.'s father filed a petition on her behalf against D.A.S. seeking an injunction to protect A.M.P. from dating violence. His entries on the form petition alleged that the two teenagers had dated between September 2009 and February 2010 and that the relationship had involved intimate contact and drugs. According to the petition, A.M.P. broke off the relationship and had no contact with D.A.S. after April or May until August 17, 2010, when A.M.P. and her mother arrived home to find him sitting on their front porch. The petition alleged that D.A.S. ran away when he saw the car pull up. The petition reported that A.M.P. felt that D.A.S. was "stalking her and the house." In the paragraph of the form requiring the petitioner to explain why she "genuinely fears dating violence by Respondent," A.M.P.'s father wrote "[h]as been told to stay away from [A.M.P.]. He shows up on our porch." Based on A.M.P.'s petition, the circuit court issued an ex parte temporary injunction against D.A.S., and it scheduled the matter for an evidentiary hearing.
At the evidentiary hearing, A.M.P. testified that the allegations in the petition were true. She also asserted that she was "in constant fear knowing that he could be anywhere." She said she was scared that "he could be waiting somewhere to grab [her] and potentially do physical harm to [her]." However, on cross-examination A.M.P. acknowledged that D.A.S. had never been violent with her or threatened her by word or act, either during or after their relationship.
At the conclusion of the evidence, D.A.S.'s attorney moved to dismiss the petition. The court denied the motion and entered a final judgment granting A.M.P. an injunction against D.A.S. for protection against dating violence, to remain in effect for one year.
Section 784.046, Florida Statutes (2010), establishes several causes of action for injunctions to protect variously against repeat violence, sexual violence, and dating violence. "`Dating violence' means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature." § 784.046(1)(d). "Violence" is defined to include "assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person." § 784.046(1)(a).
The injunction may be sought by
[a]ny person who is the victim of dating violence and has reasonable cause to believe he or she is in imminent danger of becoming the victim of another act of dating violence, or any person who has reasonable cause to believe he or she is in imminent danger of becoming the victim of an act of dating violence, or the parent or legal guardian of any minor child who is living at home and who seeks an injunction for protection against dating violence on behalf of that minor child.
§ 784.046(2)(b).
In this case, neither the allegations of the petition nor the evidence at the hearing demonstrated A.M.P.'s entitlement to an injunction under the statute. The petition did not recount any threat or act of physical violence, and the evidence at the hearing affirmatively showed that there had been none. Although A.M.P. testified *1134 that she felt as if she was being stalked, D.A.S.'s single appearance on her front porch, albeit uninvited, did not suffice.
Stalking occurs when a person "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person." § 784.048(2) (emphasis added); see Smith v. Melcher, 975 So.2d 500, 502 (Fla. 2d DCA 2007) (reversing injunction against repeat violence and holding that single act "did not constitute stalking because the statute requires repeated acts"). Harassment, in turn, requires "a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." § 784.08(1)(a) (emphasis added); see Polanco v. Cordeiro, 67 So.3d 235, 237 (Fla. 2d DCA 2010) (reversing injunction against repeat violence and holding that "a single incident would not support a finding of harassment which requires a course of conduct comprised of a series of acts").
In sum, A.M.P.'s petition failed to allege adequate grounds for the temporary injunction, and her evidence at the hearing was legally insufficient to justify the permanent injunction.
Reversed.
VILLANTI and BLACK, JJ., Concur.