WHATLEY, Judge.
Ivana Alter appeals a final judgment of injunction for protection against repeat violence. We agree with Alter that the evidence did not support a finding that she committed acts of repeat violence as defined in section 784.046(2), Florida Statutes (2011), and we therefore reverse.
Section 784.046(2) allows a victim of repeat violence to petition the court for an injunction for protection. Repeat violence is defined as “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b). The statute defines violence as “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a). To support the issuance of an injunction, the incidents of repeat violence must be proven by competent, substantial evidence. Singletary v. Greever, 62 So.3d 700, 702 (Fla. 2d DCA 2011).
Robert G. Paquette filed the petition for an injunction for protection against repeat violence alleging several incidents of violence directed toward him by Alter.[1] However, at the hearing on the petition there was testimony regarding only two of the allegations. In his petition, Paquette alleged that Alter had violated a prior temporary injunction by approaching him and hitting him at a restaurant known as Pure on May 28, 2011. He testified at the hearing that he and his wife were smoking outside of the restaurant when, he noticed Alter across the street. Alter walked toward the entrance of the restaurant, “tapped” him on the shoulder as she walked by him, and went inside the restaurant. Paquette went inside the restaurant and while he was talking to the manager, Alter left the restaurant. Alter testified that it appeared that Paquette and his wife were leaving the restaurant when she and her friend arrived and that she neither spoke to nor touched Paquette as she and her friend entered the restaurant. When she realized that Paquette had entered the restaurant, she immediately left. We conclude that even if Paquette’s testimony that Alter tapped him on the shoulder as she entered the restaurant amounted to a *220 battery, there was insufficient evidence establishing a second act of violence.
In his petition, Paquette alleged that Alter had sent him seven text messages demanding money in return for her promise to not tell his wife about the affair. At the hearing, Paquette testified regarding six text messages from Alter asking him to repay $10,000. Alter testified that she had loaned Paquette this money when they were looking for an apartment together and he had never repaid the money to her. Paquette contends that Alter’s text messages constituted stalking. We disagree.
A person is guilty of stalking when he or she maliciously, willfully, and repeatedly harasses another person. § 784.048(2). Harassment is defined as engaging “in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.” § 784.048(l)(a). “In determining if an incident causes substantial emotional distress, courts use a reasonable person standard, not a subjective standard.” Slack v. Kling, 959 So.2d 425, 426 (Fla. 2d DCA 2007).
The case at bar is similar to Ravitch v. Whelan, 851 So.2d 271, 272-73 (Fla. 5th DCA 2003), in which the Fifth District held that there was insufficient evidence to suggest that the appellant’s request to his ex-girlfriend to repay money allegedly loaned to her during the course of the relationship was threatening, hostile or abusive conduct supporting the issuance of an injunction for protection against repeat violence. Here, Alter testified that the text messages concerned a loan she had made to Paquette, and Paquette testified that several messages asked him to repay money. As in Ravitch, because Alter testified that she was seeking the repayment of a loan, it cannot be said that the text messages served “no legitimate purpose.” See § 784.048(l)(a).
Accordingly, the evidence did not support the finding that Alter committed two acts of violence or stalking, and we therefore reverse the injunction for protection against repeat violence.
Reversed and remanded.
YILLANTI and KHOUZAM, JJ., Concur.

. At the hearing on Paquette’s petition, Pa-quette admitted that he had been having an affair with Alter. Both Paquette and Alter testified that the affair had ended a few months before the petition was filed.