DAVIS, Judge.
Christopher Johns challenges the trial court’s final judgment of injunction for protection against repeat violence entered against him in favor of Daniel G. Penzotti and the denial of his motion for rehearing of that injunction. Because the requisite instances of violence or stalking were not established at the hearing, we reverse.
Section 784.046, Florida Statutes (2011), provides that a person may obtain protection against “repeat violence,” which is defined as “two incidents of violence or stalking committed by the respondent ... directed against the petitioner or the petitioner’s immediate family member.” (Emphasis added.) A person commits the act of stalking by “willfully, maliciously, and repeatedly following], harassing], or cy-berstalkfing] another person.” § 784.048(2) (emphasis added). Harassment is defined as “a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.” § 784.048(l)(a); see also Jones v. Jackson, 67 So.3d 1203, 1203-04 (Fla. 2d DCA 2011) (reversing order granting injunction for protection against repeat violence because incidents alleged to be harassment “would not have caused a reasonable person substantial emotional distress”).
Because the record does not contain competent, substantial evidence to support an injunction for repeat violence based on reasonable, substantial emotional distress caused by multiple instances of stalking by harassment, we reverse.
Reversed.
SILBERMAN, C.J., and ALTENBERND, J., Concur.