BLACK, Judge.
Donald Goudy challenges the final judgment of injunction for protection against repeat violence entered in favor of Vicky-Jo Duquette. Mr. Goudy argues that there was insufficient evidence of violence or stalking to support the injunction. We agree and reverse.
Injunctive relief from repeat violence is available pursuant to section 784.046, Florida Statutes (2011). Repeat violence is defined as “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or petitioner’s immediate family member.” § 784.046(l)(b). A person is guilty of “stalking” for purposes of this statute if he “willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person.” § 784.048(2). And “harass” is defined as “to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.” § 784.048(l)(a). A “course of conduct” is a *717 “pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.” § 784.048(l)(b). “In determining if an incident causes substantial emotional distress, courts use a reasonable person standard, not a subjective standard.” Slack v. Kling, 959 So.2d 425, 426 (Fla. 2d DCA 2007).
“To support an injunction against repeat violence, each incident of violence must be proven by competent, substantial evidence.” Smith v. Melcher, 975 So.2d 500, 502 (Fla. 2d DCA 2007). In this case we must “assess[ ] whether there was competent, substantial evidence to support a finding of fact on an issue involving both ‘reasonableness’ and ‘substantial’ distress.” Jones v. Jackson, 67 So.3d 1203, 1204 (Fla. 2d DCA 2011) (Altenbernd, J., concurring). However, as in Jones, we are doing so without the benefit of those findings of fact as neither the order on appeal nor the record on appeal contain findings of fact. See id.
The statutory definitions of stalking and harassment require repeated acts and a course of conduct, respectively. In this case, Ms. Duquette — Mr. Goudy’s daughter’s dance team coach — alleged that she had been a victim of repeat violence due to a telephone call, one face-to-face encounter, and three “following” encounters.
During the telephone call Mr. Goudy told Ms. Duquette “he wasn’t willing to accept [her decisions regarding his daughter’s participation on the dance team] anymore.” This does not meet the statutory requirements for even a single act of harassment. First, a reasonable person would not have suffered substantial emotional distress as a result of the conversation, however one-sided or hostile it might have been. See Jones, 67 So.3d at 1204 (reversing injunction where threatening phone calls and text messages “would not have caused a reasonable person substantial emotional distress”); Slack, 959 So.2d at 426 (reversing injunction where two phone messages were insufficient for reasonable person to suffer substantial emotional distress). Second, both parties agreed that the stated purpose of the call was to address Mr. Goudy’s daughter’s participation in a dance team competition. This was a legitimate purpose. See Alter v. Paquette, 98 So.3d 218, 219 (Fla. 2d DCA 2012) (concluding that text messages seeking repayment of loan were made for legitimate purpose).
In considering the face-to-face encounter, the trial court could have properly determined that the incident in the high school parking lot was a single act of stalking. Ms. Duquette’s testimony was competent, substantial evidence that Mr. Gou-dy willfully and maliciously followed Ms. Duquette on that evening. However, a single incident composed of multiple actions is not a course of conduct. See Smith, 975 So.2d at 502-03; Poindexter v. Springer, 898 So.2d 204, 207 (Fla. 2d DCA 2005). “Multiple acts stemming from a single violent incident do not constitute ‘repeat violence’ under section 784.046 where those acts were not separated by time or distance.” Levy v. Jacobs, 69 So.3d 403, 405 (Fla. 4th DCA 2011). Thus, in order to obtain the injunction, Ms. Du-quette needed to establish a second incident of stalking.
The alleged “following” incidents, while separated by time and distance sufficient to be a course of conduct, do not otherwise meet the statutory requirements for harassment. Mr. Goudy’s appearance at the dance team competition location, the team’s hotel, and a nearby restaurant, although viewed by Ms. Duquette as following, served legitimate purposes. See Alter, 98 So.3d at 219; Poindexter, 898 So.2d at 207. Mr. Goudy drove his daughter — a *718 member of the dance team — to the competition to see her teammates perform, to the hotel to visit with her teammates, and to a restaurant for dinner. Moreover, both parties testified that Mr. Goudy did not speak with Ms. Duquette at any of the locations; he did, however, according to Ms. Duquette, “stare [her] down” and “make his presence known.” These acts are not sufficient to cause a reasonable person emotional distress.
Without repeated harassment or malicious following there was no proof of stalking, and without stalking there was no proof of repeat violence. See Jones, 67 So.3d at 1204. Therefore, the evidence below did not support the trial court’s order granting the injunction against repeat violence.
The injunction entered against Mr. Gou-dy is reversed, and we remand with instructions to the trial court to dismiss Ms. Duquette’s petition. See Poindexter, 898 So.2d at 207.
Reversed and remanded with instructions.
NORTHCUTT and DAVIS, JJ., Concur.