WALLACE, Judge.
In these consolidated cases, two next-door neighbors appeal final judgments of injunction for protection against repeat violence entered against each of them and in favor of the other. In case number 2D13-5401, John McDonough challenges a final judgment for protection against repeat violence after notice entered against him for the protection of Nicole Carver. In case number 2D13-5471, Ms. Carver appeals a final judgment for protection against repeat violence after notice entered against her for the protection of Mr. McDonough. In both cases, the parties alleged in their petitions filed in the circuit court that the other had engaged in repeated and continuous stalking and harassment against the petitioner and his or her family. In case number 2D13-5401, competent, substantial evidence supports the injunction, and we affirm the injunction entered in favor of Ms. Carver and against Mr. McDonough. In case number 2D13-5471, because the injunction is not supported by competent, substantial evidence, we reverse the injunction entered in favor of Mr. McDon-ough and against Ms. Carver.
*927 Under section 784.046(2), Florida Statutes (2012), a person may obtain an injunction for protection against repeat violence if he or she can prove the occurrence of “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b). A person is guilty of stalking if he “willfully, maliciously, and repeatedly follows, harasses, or cyber-stalks another person.” § 784.048(2). “Harass” is defined as “to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.” § 784.048(1)(a). A “course of conduct” is a “pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose.” § 784.048(l)(b). “‘In determining if an incident causes substantial emotional distress, courts use a reasonable person standard, not a subjective standard.’” Goudy v. Duquette, 112 So.3d 716, 717 (Fla. 2d DCA 2013) (quoting Slack v. Kling, 959 So.2d 425, 426 (Fla. 2d DCA 2007)). “ ‘To support an injunction against repeat violence, each incident of violence must be proven by competent, substantial evidence.’ ” Id. (quoting Smith v. Melchor, 975 So.2d 500, 502 (Fla. 2d DCA 2007)).
After a detailed review of the record in these cases and a careful application of the law to the facts, we have determined that it would add nothing to the jurisprudence of this state to detail the sad and troubling history of the avoidable and uncalled-for conflicts between these two neighbors. It is sufficient to say that the record in case number 2D13-5401 contains ample competent, substantial evidence to support the injunction entered against Mr. McDonough and in favor of Ms. Carver based on reasonable, substantial, emotional distress caused by multiple instances of stalking by harassment. On the other hand, the record in case number 2D13-5471 does not contain competent, substantial evidence to support the injunction entered against Ms. Carver and in favor of Mr. McDonough.
Accordingly, in case number 2D13-5401, we affirm the injunction entered against Mr. McDonough and in favor of Ms. Carver. We reverse the injunction entered against Ms. Carver and in favor of Mr. McDonough in case number 2D13-5471.
Affirmed as to case number 2D13-5401; reversed as to case number 2D13-5471.
KELLY and BLACK, JJ., Concur.