NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MELISSA LEACH,                                      )
                                                   )
                Appellant,                         )
                                                   )
v.                                                 )        Case No. 2D14-1812
                                                   )
TARA MICHELLE KERSEY,                              )
                                                   )
                Appellee.                          )
_____)

Opinion filed April 17, 2015.

Appeal from the Circuit Court for Lee
County; R. Thomas Corbin, Judge.

Christina M. O'Brien and Kayla E.
Richmond of Henderson, Franklin,
Starnes & Holt, P.A., Fort Myers, for
Appellant.

Patricia A. Black of Law Firm of
Patricia A. Black, P.A., Fort Myers,
for Appellee.


SILBERMAN, Judge.

        Melissa Leach appeals a final judgment of injunction for protection against

stalking entered in favor of Tara Michelle Kersey.  Because competent, substantial

evidence does not support the required two incidents of stalking for injunctive relief, we

reverse the final judgment.

Section 784.0485, Florida Statutes (2013), provides for an injunction against stalking, including cyberstalking, and that statute is analyzed with guidance from the statute governing injunctions against repeat violence, section 784.046. See Wyandt v. Voccio, 148 So. 3d 543, 544 (Fla. 2d DCA 2014). "Repeat violence" requires "two incidents of violence or stalking." § 784.046(1)(b). To support an injunction against stalking, the petitioner must prove each incident of stalking by competent, substantial evidence. See Touhey v. Seda, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014).

Stalking occurs when a person "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person." § 784.048(2). " 'Harass' means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a). Cyberstalking involves a course of conduct through "electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose." § 784.048(1)(d). In determining whether substantial emotional distress occurred, the courts look to the standard of a reasonable person in the petitioner's shoes. See Jones v. Jackson, 67 So. 3d 1203, 1204 (Fla. 2d DCA 2011); see also T.B. v. State, 990 So. 2d 651, 654 (Fla. 4th DCA 2008) (stating that the standard to determine substantial emotional distress "is that of a reasonable person in the same position as the victim").

This case arose from the eighteen-month affair Kersey had with Leach's husband, Dr. Leach. After Leach learned of the affair, she contacted Kersey by phone and by messages and "friend" requests on Facebook. The evidence does not show that these contacts "serve[d] no legitimate purpose." § 784.048(1)(a), (d); see also Alter v.

Paquette, 98 So. 3d 218, 220 (Fla. 2d DCA 2012) (stating that when text messages sought "repayment of a loan, it cannot be said that the text messages served 'no legitimate purpose' " (quoting § 784.048(1)(a))). Rather, Leach made the contacts for the legitimate purpose of telling Kersey to stay away from Dr. Leach. Leach made each contact in response to discovering an attempt by Kersey to contact Dr. Leach.

In addition, the evidence does not show that these contacts would cause a reasonable person in Kersey's circumstances to suffer substantial emotional distress. See Jones, 67 So. 3d at 1204. A reasonable woman who had an eighteen-month affair with another woman's husband might well expect to hear the scorn of an angry wife. In fact, Kersey herself clearly did not suffer substantial emotional distress from these contacts. With respect to the phone call, Kersey said she allowed Leach to "vent" and "just let her get it off her chest." Kersey also admitted that the affair could cause Leach to be upset with her. The evidence fails to show that a reasonable person in Kersey's situation would suffer substantial emotional distress from these contacts. The trial court appropriately found that it was "not stalking up to that point."

It was after these contacts that Leach posted one time on the public blog entitled, "She's a Homewrecker." The post disclosed Kersey's involvement in the affair. It was clear from Kersey's testimony that she did not become concerned until Leach posted on the public blog. Kersey stated that her primary concern was that her children would find out about the situation.

The trial court granted the injunction based on the blog posting. But even if the blog posting served no legitimate purpose and would cause substantial emotional distress to a reasonable person, this would only constitute one incident of stalking.

- 3 -

Therefore, because competent, substantial evidence does not support two incidents of stalking, we reverse the final judgment of injunction for protection against stalking.

Reversed.

KELLY and BLACK, JJ., Concur.