DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCUS S. ROBERTSON,**
Appellant,

v.

**VIRGINIA S. ROBERTSON,**
Appellee.

No. 4D13-4716

[May 6, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Merrilee Ehrlich, Judge; L.T. Case No. DVCE 13-5100 (59).

John T. David of Law Office of John T. David, P.A., Fort Lauderdale, for appellant.

Rhoda Sokoloff of Law Offices of Rhoda Sokoloff, P.A., Fort Lauderdale, for appellee.

FORST, J.

Appellant Marcus Robertson appeals the trial court's entry of an injunction for protection against stalking based on Appellant's conduct towards Appellee Virginia Robertson, his ex-wife. Appellant argues there was not sufficient evidence to support the trial court's findings. We disagree with Appellant's arguments and, accordingly, affirm the entry of the injunction.

Section 784.048(2), Florida Statutes (2013), criminalizes "[a] person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person." To harass, is "to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat (2013). This "course of conduct" includes "a series of acts over a period of time, however short, which evidences a continuity of purpose." § 784.048(1)(b), Fla. Stat. (2013).

Here, there was uncontroverted evidence that the Appellant went to

Appellee's home for three consecutive nights. Security camera footage showed him shining a flashlight into her home while walking around her property. These three incidents, which were further verified by Appellant's e-mail to Appellee admitting to being at her residence, establish "a course of conduct" sufficient to support the trial court's entry of the injunction against Appellant.

Furthermore, unlike the actions in *Touhey v. Seda*, 133 So. 3d 1203 (Fla. 2d DCA 2014), Appellant's conduct was of the sort to cause substantial emotional distress and served no legitimate purpose. In *Touhey*, the Second District overturned an injunction for stalking where the alleged stalker visited the petitioner's office once and twice called the office to inquire as to the petitioner's whereabouts. *Id.* at 1204. The Second District held that these limited actions would not cause a reasonable person to suffer "substantial emotional distress." *Id.* Here, on the other hand, Appellant came to Appellee's home in the middle of the night, uninvited and without warning, and looked inside her darkened windows with a flashlight. And, he did this the next night. And, a third night. These repeated actions are sufficient to cause emotional distress in a reasonable person.

There was competent, substantial evidence to support the trial court's finding that Appellant had stalked Appellee under the terms of section 784.048, Florida Statutes (2013). Therefore, the trial court's entry of the injunction is affirmed.

*Affirmed.*

WARNER and GROSS, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2