DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

CHRISTINA PAYLAN, M.D.,

Appellant,

v.

JOSHUA STATTON,

Appellee.

No. 2D21-3904

_____

December 27, 2023

Appeal from the Circuit Court for Pinellas County; Doneene D. Loar,
Judge.

Christina Paylan, M.D., pro se.

No appearance for Appellee.

LaROSE, Judge.

Christina Paylan, M.D., appeals the trial court's order dismissing
her stalking injunction petition against her former boyfriend, Joshua
Statton. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). We
affirm.

## **Background**

In September 2021, Dr. Paylan petitioned for a stalking injunction
against Mr. Statton. She claimed that the two had a "casual dating

relationship"[1] between 2012 and October 2019. After the relationship ended, Mr. Statton sent derogatory and profane emails to Dr. Paylan. Her petition included seven such emails, dated between March 16 and May 6, 2020. The final straw that prompted her petition was when Mr. Statton went to Dr. Paylan's home in September 2021, and, in broad daylight, took a turtle lawn ornament, a Bed Bath & Beyond trinket, from her yard. Dr. Paylan's security camera captured the footage. The trial court issued an ex parte temporary injunction.

After conducting a final hearing, where both parties proceeded pro se, the trial court dismissed the petition. The trial court reasoned that there was no "ongoing course of conduct" involving "recent, repeated, malicious, willful harassment." The trial court found that Mr. Statton sent "some uncivil disgusting emails . . . two years ago" following a "disgusting breakup where a lot of really horrible things were said." However, "at best," the trial court explained, there was "potentially a petty [sic] theft of a turtle."

Dr. Paylan contends that she presented competent, substantial evidence to the trial court supporting issuance of a stalking injunction.

### Discussion

"An order . . . denying an injunction following an evidentiary hearing is normally reviewed for an abuse of discretion. 'The trial court is afforded broad discretion in . . . denying . . . injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision.' " *Shaw v. Tampa Elec. Co.*, 949 So. 2d 1066, 1068 (Fla. 2d DCA 2007) (quoting *Jackson v. Echols*, 937 So. 2d

---

[1] Our record reflects that the parties' relationship was more than casual. We also note that, for a time, Mr. Statton managed Dr. Paylan's 2020 campaign for political office.

1247, 1249 (Fla. 3d DCA 2006)). As explained below, the trial court did not abuse its discretion.

Florida courts may enjoin stalking under section 784.0485, Florida Statutes (2021). Such relief is appropriate when "[a] person . . . willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person." § 784.048(2); *accord Alter v. Paquette*, 98 So. 3d 218, 220 (Fla. 2d DCA 2012) ("A person is guilty of stalking when he or she maliciously, willfully, and repeatedly harasses another person." (citing § 784.048(2), Fla. Stat. (2011))). "[H]arass" is "a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a); *see also Johnstone v. State*, 298 So. 3d 660, 664 (Fla. 4th DCA 2020) ("[S]talking requires the proof of a series of acts, willfully and maliciously directed at a specific person(s) and evidencing a continuity of purpose, which acts serve no legitimate purpose and cause substantial emotional distress to that person(s).").

"In order to be entitled to a stalking injunction two separate instances of stalking must be proven by competent substantial evidence." *DiTanna v. Edwards*, 323 So. 3d 194, 201 (Fla. 4th DCA 2021); *see also Givens v. Holmes*, 241 So. 3d 232, 234 (Fla. 2d DCA 2018) ("Each incident of stalking must be proven by competent, substantial evidence to support an injunction against stalking." (quoting *Touhey v. Seda*, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014))). Dr. Paylan bore the burden of proof. *See Pickett v. Copeland*, 236 So. 3d 1142, 1146 (Fla. 1st DCA 2018) ("Turning to the facts of this case, it was incumbent on Ms. Copeland to prove stalking by competent, substantial evidence.").

Dr. Paylan's stalking petition foundered on several bases.

3

## I. A Course of Conduct is Lacking

The alleged stalking incidents Dr. Paylan relied on were remote and isolated. They do not constitute a "course of conduct" demonstrating "a continuity of purpose." *See* § 784.048(1)(b) (" 'Course of conduct' means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose."). "A course of conduct requires multiple acts that are separated by time or distance." *Cash v. Gagnon*, 306 So. 3d 106, 109 (Fla. 4th DCA 2020).

Mr. Statton stopped sending offensive emails by May 2020. These incidents were stale. The turtle ornament theft occurred over a year later. *See Wright v. Norris*, 320 So. 3d 253, 255 (Fla. 2d DCA 2021) ("Norris's testimony that Wright yelled at her in a Walmart a few years earlier simply was insufficient to support issuance of the [stalking] injunction."); *Gill v. Gill*, 50 So. 3d 772, 774 (Fla. 2d DCA 2010) ("[A]n isolated incident of domestic violence that occurred years before a petition for injunction is filed will not usually support the issuance of an injunction in the absence of additional current allegations."); *Jones v. Jones*, 32 So. 3d 772, 773–74 (Fla. 2d DCA 2010) (concluding that a pushing incident that occurred three years before the injunction was filed was not sufficient to support the issuance of an injunction against domestic violence); *Ahern v. Leon*, 332 So. 3d 1028, 1031 (Fla. 4th DCA 2022) ("The last alleged 'harassment' occurred in mid-2018, eighteen months before Appellee filed the petition. Appellee admitted that, before December 2019, he did not feel it necessary to file a restraining order or contact the police because of any threat posed by Appellant. While that fact is not dispositive, the mere circumstance that Appellant was contracted to work at Appellee's place of employment (eighteen months after her last contact with Appellant) is not a harassing 'course of

4

conduct' under the statute.").  We reject Dr. Paylan's efforts to show a continuity of purpose.[2]

## II.  The Want of Incidents

Dr. Paylan failed to establish two separate, but more recent, stalking incidents.  Because the emails were too remote for the trial court's consideration, the turtle ornament theft is insufficient, as a matter of law, to constitute stalking.  *See Stallings v. Bernard*, 334 So. 3d 365, 366 (Fla. 2d DCA 2022) ("Because the record does not demonstrate any basis for finding that Stallings engaged in a course of conduct involving two separate incidents of stalking that evidenced a continuity of purpose to harass Bernard, we reverse."); *Roach v. Brower*, 180 So. 3d 1142, 1144 (Fla. 2d DCA 2015) (observing that in order to be entitled to an injunction for stalking, the petitioner must allege and prove two separate instances of stalking); *Pickett*, 236 So. 3d at 1144 ("[B]y its statutory definition, stalking requires proof of repeated acts." (quoting *Lukacs v. Luton*, 982 So. 2d 1217, 1219 (Fla. 1st DCA 2008))); *Chiu v. Adams*, 327 So. 3d 889, 892 (Fla. 5th DCA 2021) (holding that petitioner failed to establish more than one instance of stalking following their breakup).

At the final hearing, Dr. Paylan presented additional evidence of a "parking lot incident."  Specifically, her witness, Dr. Prakash Patel, testified that "three years ago," in January 2019, Mr. Statton texted him about seeing Drs. Patel and Paylan speaking in Dr. Paylan's office parking lot.  Apparently, Mr. Statton and Drs. Patel and Paylan were friends at one time.

---

[2] Section 784.048(1)(b) defines "course of conduct" as "a series of acts over a period of time, *however short*, which evidences a continuity of purpose."  (Emphasis added.)  However, the statute does not allow for aggregation of temporally distant acts.

Dr. Paylan did not include this incident in her petition. Nonetheless, over Mr. Statton's objection, the trial court admitted Dr. Patel's testimony. *See Stanlick v. Stanlick*, 291 So. 3d 674, 674 (Fla. 2d DCA 2020) (concluding that the "trial court erred by allowing [former wife] to testify, over [former husband's] objection, about alleged incidents that she did not include in her petition [for domestic violence]"). However, like the emails, this incident was too remote. Further, because Mr. Statton prevailed in the trial court, any testimony about the "parking lot incident" was harmless. Moreover, our record does not show that in orally pronouncing its ruling, the trial court considered or mentioned this unpleaded incident. *See T.B. v. A.B.*, 186 So. 3d 544, 551 (Fla. 2d DCA 2015) ("When the trial court grants an injunction based on improperly admitted evidence, harmful error is clearly established.").

## III.   Dr. Paylan and the Reasonable Person Standard

Dr. Paylan failed to demonstrate that Mr. Statton's conduct was sufficient to cause substantial emotional distress in a reasonable person. *See Goudy v. Duquette*, 112 So. 3d 716, 717 (Fla. 2d DCA 2013) ("In determining if an incident causes substantial emotional distress, courts use a reasonable person standard, not a subjective standard." (quoting *Slack v. Kling*, 959 So. 2d 425, 426 (Fla. 2d DCA 2007))). Because "[t]he reasonable person standard is applied to a person in the position of the party . . . the standard is case specific." *David v. Textor*, 189 So. 3d 871, 876 n.1 (Fla. 4th DCA 2016) (citation omitted).

Although we agree that Mr. Statton's aged emails were offensive and his trespass and the theft of the turtle ornament is troubling,[3] we cannot say that Mr. Statton's behavior could cause "substantial

---

[3] At the final hearing, Mr. Statton offered to return the ornament to Dr. Paylan, if she wanted it.

6

emotional distress" to a reasonable person in Dr. Paylan's position. *See, e.g.*, *Laquidara v. Houghtaling*, 320 So. 3d 243, 244–45 (Fla. 2d DCA 2021) (concluding that while a business owner yelling, screaming, and "hurling profanities" at a neighboring business owner over the use of an easement, with accompanying conduct designed to disrupt the business operations "was admittedly uncivil and offensive," it did not "r[i]se to a level that would have caused a reasonable person in the Houghtalings' situation to suffer the substantial emotional distress necessary for an injunction"); *Sinopoli v. Clark*, 290 So. 3d 159, 163 (Fla. 2d DCA 2020) (concluding that appellee's distress over her neighbor's yard maintenance and other conduct did not rise to the level of causing substantial emotional distress in a reasonable person); *Caterino v. Torello*, 276 So. 3d 88, 94 (Fla. 2d DCA 2019) (reversing an injunction for protection against stalking because a reasonable person would not suffer substantial emotional distress as a result of yelling and cursing); *Leach v. Kersey*, 162 So. 3d 1104, 1106–07 (Fla. 2d DCA 2015) (holding that because petitioner failed to demonstrate that she suffered substantial emotional distress after her lover's wife contacted her through social media and the telephone, the trial court erred in granting the injunction against stalking).

We recently catalogued a series of cases explaining the reasonable person requirement:

> The conduct referenced by the circuit court in this case— entering upon the property and removing the permit—would not cause a reasonable person to suffer substantial emotional distress. *Compare Paulson v. Rankart*, 251 So. 3d 986, 990 (Fla. 1st DCA 2018) (reversing injunction for protection against stalking because a reasonable person would not suffer substantial emotional distress as a result of a neighbor—who had been complaining about the petitioner's outdoor light and dogs—looking at the petitioner's utility

7

meter near the petitioner's property on multiple occasions and staring at the petitioner while she sunbathed), *and David v. Schack*, 192 So. 3d 625, 628 (Fla. 4th DCA 2016) (reversing injunction for protection against stalking because a reasonable person would not suffer substantial emotional distress when respondent "banged on [petitioner's] door and left her a letter and a check"), *with Robertson v. Robertson*, 164 So. 3d 87, 88 (Fla. 4th DCA 2015) (affirming entry of injunction for protection against stalking because respondent's conduct of looking inside petitioner's house in the middle of the night with a flashlight, uninvited and without warning, for three consecutive nights constituted a course of conduct causing substantial emotional distress). *See also Touhey*, 133 So. 3d at 1204–05 (reversing injunction for protection against stalking because the actions of the respondent—visiting the petitioner's office once and calling the office twice to inquire about petitioner's whereabouts— would not cause a reasonable person to suffer substantial emotional distress); *Jones v. Jackson*, 67 So. 3d 1203, 1204 (Fla. 2d DCA 2011) (concluding that there was not competent substantial evidence of stalking because a reasonable person in the petitioner's position would not have suffered substantial emotional distress as a result of receiving threatening phone calls and text messages).

*Caterino*, 276 So. 3d at 93. The case law dictates that Mr. Statton's emails and theft of Dr. Paylan's turtle ornament are insufficient to cause substantial emotional distress in a reasonable person. *See Craft v. Fuller*, 298 So. 3d 99, 104 (Fla. 2d DCA 2020) (" '[T]he "substantial emotional distress" that is necessary to support a stalking injunction is greater than just an ordinary feeling of distress' or simple embarrassment." (quoting *Venn v. Fowlkes*, 257 So. 3d 622, 624 (Fla. 1st DCA 2018))).

## Conclusion

We affirm the trial court's order dismissing Dr. Paylan's stalking injunction petition.

Affirmed.

KHOUZAM and ROTHSTEIN-YOUAKIM, JJ., Concur.

———————————————————

Opinion subject to revision prior to official publication.