PALMER, J.
Katheryn Curtis (wife) appeals the trial court’s order denying her petition seeking an injunction for protection against domestic violence against Christopher Curtis (husband).[1] Determining that the trial court erred in denying the petition without holding an evidentiary hearing, we reverse.
The wife filed a sworn petition seeking an injunction against the husband for protection against domestic violence. The petition contained the wife’s account of a violent physical altercation between the parties and a copy of the arrest report prepared by the police after taking the husband into custody in connection with that altercation. The petition alleged that the wife was afraid and that, if he were allowed back into the marital home, the husband would hurt her because the parties have a history of physical violence.
The trial court entered an order summarily denying the wife’s petition the day it was filed. The pre-printed form stated that the wife “failed to comply with one or more statutory requirements applicable to that petition including the following,” after which the court handwrote:
Petitioner is protected by conditions of release in Case No. 2012MM2069A — and may refile if any of those change.
The court attached a docket sheet from the husband’s pending criminal prosecution for the altercation. The sheet stated that the husband had been released on bond and listed the bond’s conditions.
The wife filed a motion for rehearing, arguing that her petition was sufficient to require either an ex parte temporary injunction or a hearing on the petition. The trial court denied the motion, ruling:
*995 The petitioner cannot reasonably fear that she is in danger of becoming a victim of domestic violence when the respondent currently has conditions of release designed to protect her that are more restrictive than an injunction could provide. The respondent is being electronically monitored. Whether the petitioner has been a victim of domestic violence will in this situation be determined in the criminal case. Only one judge should set the rules of contact between these parties.
The wife argues that the trial court erred in denying her petition without first conducting a hearing. We agree.
Section 741.30(1), Florida Statutes (2011), creates a cause of action for an injunction for protection against domestic violence. To state a cause of action, the petitioner must file a sworn petition alleging either (1) reasonable cause to believe that the petitioner is in imminent danger of becoming a victim of domestic violence, or (2) that the petitioner has been a victim of domestic violence. Section 741.30(4) states that, upon the filing of the petition, “the court shall set a hearing to be held at the earliest possible time.” Similarly, rule 12.610(b)(3) of Florida’s Family Law Rules of Procedure provides that the court must set a hearing.
Here, the trial court reasoned that the wife’s petition was insufficient because it failed to establish a reasonable fear of domestic violence, since she was protected by conditions of the husband’s bond. However, the petition alleged sufficient facts that the wife had reasonable cause to believe that she was in imminent danger of becoming, and had already been, a victim of domestic violence. As such, the trial court erred in denying the wife’s petition without first conducting a hearing. See Gonzales v. Clark, 799 So.2d 451 (Fla. 5th DCA 2001); Sanchez v. State, 785 So.2d 672 (Fla. 4th DCA 2001).
The trial court also erred in concluding that the husband’s bond conditions were sufficient to fully protect the wife from domestic violence. First, the bond conditions were not the same as the conditions which can be imposed under the domestic violence injunction statute. For example, section 741.30(6)(a) authorizes a trial court to award the petitioner the exclusive use and possession of the parties’ dwelling; to enter an order of temporary support; and to order the respondent to participate in treatment, intervention, counseling services, or a batterers’ intervention program. Additionally, the protections afforded in the criminal proceeding may not be sufficient to protect the wife because, since she is not a party to that proceeding, she may not receive timely notice of any dismissal of that case or of any change in the husband’s bond conditions.
REVERSED and REMANDED.
SAWAYA and EVANDER, JJ., concur.

. See § 741.30, Fla. Stat. (2011).