COHEN, J.
Stacy Smith appeals from the final order dismissing her petition for injunction for protection against domestic violence. In pertinent part, she argues that the trial court erred by dismissing the petition without first holding an evidentiary hearing. We agree and reverse.
Smith, on behalf of herself and her minor daughter, A.S.M., filed a petition for injunction for protection against domestic violence against Philip Manno. In the petition, Smith alleged that after Manno was involuntarily hospitalized for attempting suicide, he made repeated phone calls threatening to kill her. Upon his release, Manno went to Smith’s mother’s house, where he behaved irrationally and screamed obscenities. Smith alleged that Manno had previously threatened to hurt her, citing a prior incident in which Manno had beaten and choked her until she almost lost consciousness. Because this earlier event had occurred in AS.M.’s presence, Smith feared for her child’s safety. Smith further alleged that she feared for A.S.M.’s safety because she had recently discovered child pornography on Manno’s cell phone and learned that he was a registered sex offender. Based upon these allegations, the court entered a temporary injunction against Manno.
A return hearing was set on Smith’s petition. Smith appeared pro se, while Manno appeared with counsel. Upon being informed that Manno had a pending criminal ease in which the conditions of his bond prohibited any contact with Smith, the court dismissed the petition for injunction, informing Smith that “[tjhere is no good reason to have two of these at the same time,” and that “if the protection [of the conditions of Manno’s bond] goes away and you still feel you want an injunction you can file another one.” Smith timely appealed the final order dismissing her petition.
The issue raised on appeal is not an issue of first impression in our court. In Curtis v. Curtis, 113 So.3d 993 (Fla. 5th DCA 2013), we addressed a similar issue. *1144 There, the trial court denied a petition for injunction for protection against domestic violence, without first holding an evidentia-ry hearing, where there was a pending criminal case against the respondent in which the conditions of the respondent’s release were designed to protect the petitioner from domestic violence. The trial court concluded that the petitioner had failed to establish a reasonable fear of imminent domestic violence, noting that the conditions of release, which included electronic monitoring, were more restrictive than the restrictions that could be imposed pursuant to a domestic violence injunction. We reversed, emphasizing that, pursuant to section 741.80(4), Florida Statutes, if the petition alleged either that the petitioner had reasonable cause to believe that she is in imminent danger of becoming a victim of domestic violence, or that the petitioner has been a victim of domestic violence, then the court must hold a hearing on the petition at the earliest possible time. Because the petition had, in fact, alleged facts sufficient to establish that the petitioner had reasonable cause to believe she was in imminent danger of becoming a victim of domestic violence, the trial court erred in denying the petition without first holding a hearing.[1]
In this case, Smith’s petition alleged facts sufficient to establish that she had a reasonable fear of imminent domestic violence. Thus, she was entitled to an evi-dentiary hearing. If Smith meets her burden of proof at the hearing, the existence of a pending criminal case with bond conditions that prohibit contact does not abrogate her right to the protections afforded by section 741.80, Florida Statutes. Accordingly, we reverse the order dismissing Smith’s petition and remand for an eviden-tiary hearing.
REVERSED and REMANDED.
PALMER and LAWSON, JJ., concur.

. Similarly, Florida Family Law Rule of Procedure 12.610(b)(3) requires the court to set a hearing upon the filing of a petition for injunction for protection against domestic violence.