DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DONESHA HAWTHORNE,**
Appellant,

v.

**OTIS BUTLER,**
Appellee.

Nos. 4D14-3268 and 4D14-3329

[October 16, 2014]

Consolidated appeals of non-final orders from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Amy L. Smith, Judge; L.T. Case Nos. 502014DR008025XXXXNB and 2014DR007381XXXXNB.

Margaret M. Bichler of Lytal, Reiter, Smith, Ivey & Fronrath, LLP and Kathryn A. Oleksy, West Palm Beach, for appellant.

No appearance for appellee.

WARNER, J.

Appellant appeals two orders denying her petitions seeking injunctions for protection against sexual violence due to the imminent release from prison of the perpetrator of sexual violence against her. The court denied both without holding a hearing. We reverse the denial of the first petition and thus moot consideration of the second petition.

In her first petition, appellant alleged that appellee had forced her to have sex with him multiple times while she was a minor. She further alleged that appellee had been imprisoned for these crimes and attached paperwork showing he had been sentenced to fifteen years in prison, to be followed by ten years of probation. She alleged appellee was scheduled to be released from prison in the next ninety days.

These allegations were sufficient to give appellant standing to file a petition for injunction for protection against sexual violence under section 784.046(2)(c)2., Florida Statutes (2014), which provides:

A person who is the victim of sexual violence or the parent or legal guardian of a minor child who is living at home who is the victim of sexual violence has standing in the circuit court to file a sworn petition for an injunction for protection against sexual violence on his or her own behalf or on behalf of the minor child if:

. . . .

2. The respondent who committed the sexual violence against the victim or minor child was sentenced to a term of imprisonment in state prison for the sexual violence and the respondent's term of imprisonment has expired or is due to expire within 90 days following the date the petition is filed.

Subsection (4)(a) requires the sworn petition to allege the "incidents of . . . sexual violence," including "the specific facts and circumstances that form the basis upon which relief is sought." Appellant made these allegations by showing the appellee's conviction, imprisonment, and impending release.

Section 784.046(5), Florida Statutes (2014), provides, "Upon the filing of the petition, the court *shall* set a hearing to be held at the earliest possible time." (Emphasis added). *See also* Fla. Fam. L. R. P. 12.610(b)(3)(B) (same). The trial court's failure to hold a hearing on the petition is reversible error, and we remand for such a hearing.

The trial court's justification for denying the petition was, in part, that appellee "will be on probation for a 10 year period per DOC and a condition of that probation should be no contact with the victim which would result in a violation of probation and probable return to prison if the [appellee] were to have any contact with the victim." Because this issue may arise at the subsequent hearing, we note that this is not a legally sufficient justification for denying such a petition. Although it considered a different statute, we find the reasoning of *Smith v. Manno*, 138 So. 3d 1143 (Fla. 5th DCA 2014) equally applicable here, in that a probation condition of no contact would not abrogate appellant's right to obtain a sexual violence injunction under section 784.046, Florida Statutes (2014). Such a condition is standard for sexual offenders such as appellee. *See generally* § 948.30(1)(d), Fla. Stat. (2014). Yet, the Legislature clearly contemplated that appellant could nevertheless seek a sexual violence injunction upon appellee's release from prison.

2

Because we reverse the denial of the appellant's first petition, this moots the denial of her second petition, which sought the same relief and contained very similar factual allegations. We reverse and remand for the trial court to hold an evidentiary hearing on the petition filed August 7, 2014.

*Reversed and remanded for further proceedings.*

TAYLOR and KLINGENSMITH, JJ., concur.

\*       \*       \*

***NO MOTIONS FOR REHEARING WILL BE ENTERTAINED.***