778 So.2d 467 (2001)
Leigh Ann WHITE, Appellant,
v.
Larry L. CANNON, Appellee.
No. 3D00-1251.
District Court of Appeal of Florida, Third District.
February 21, 2001.
Raymond A. Hartz, for appellant.
No appearance for appellee.
Before GREEN and SHEVIN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Leigh Ann White and Larry L. Cannon were divorced in 1995. The final judgment of dissolution reserved jurisdiction to award permanent custody pending a custody evaluation. The same order invested the former wife with temporary custody. On March 21, 2000, the former wife, on her own behalf, filed a Petition for Injunction For Protection Against Domestic Violence. On former wife's sworn petition in Case No. DRK-00357, a temporary injunction was issued forthwith and was served upon the former husband on March 22, 2000. The order enjoined the former husband from any contact with the former wife or their children, and set a hearing for several weeks later.[1]
*468 The same day the injunction was signed, before a different circuit judge, the former husband filed an Emergency Motion for Visitation. This was immediately followed by a Verified Petition to Determine Permanent Primary Custodian and an Addendum to Emergency Motion for Visitation. Without written notice of hearing, the visitation motion was heard on March 24, 2000 by the judge handling the parties' dissolution. The former wife attended the hearing without counsel and without filing any pleadings, receiving only two hours advance notice by telephone.
Despite the failure to afford the former wife due notice and opportunity to respond, the trial judge entered an Order on Emergency Motion for Visitation stating: "This Court takes jurisdiction of Case No. DRK 00-357 on the Temporary Restraining Order and hereby resolves the same." The Court then entered an Order of Dismissal of Temporary Injunction For Protection, making no provision for the former wife's safety. On the former wife's Motion for Rehearing the court concluded, "Whether or not a restraining order should or should not be granted must be determined by the court in ... the parties' dissolution of marriage...." The court declined to set an evidentiary hearing.
We align ourselves with our sister courts in observing that under such circumstances the former wife's basic rights were violated. On her sworn pleadings, and in accordance with section 741.30(5), Florida Statutes (1999), the former wife was fully entitled to the temporary relief she had secured. Accordingly we reverse the order under review. On the going down of the mandate, the temporary order granting the former wife injunctive relief shall be reinstated. The matter may be handled by one circuit judge, however section 741.30 and the requirements of due process must be observed. See § 741.30(1)(b), Fla. Stat. (1999)(providing in part, "[t]his cause of action for an injunction may be sought whether or not any other cause of action is currently pending between the parties."); Campbell v. Campbell, 584 So.2d 125 (Fla. 4th DCA 1991)(Statute permitting trial court to grant temporary injunction restraining domestic violence is exclusive method to obtain injunction for protection against domestic violence.) See Shaw-Messer v. Messer, 755 So.2d 776 *469 (Fla. 5th DCA 2000) (concluding section 741.30 is the appropriate vehicle for a domestic violence injunction).
Reversed and remanded.[2]
NOTES
[1] Section 741.30 provides in part:

(4) Upon the filing of the petition, the court shall set a hearing to be held at the earliest possible time. The respondent shall be personally served with a copy of the petition, financial affidavit, uniform child custody jurisdiction act affidavit, if any, notice of hearing, and temporary injunction, if any, prior to the hearing.
(5)(a) When it appears to the court that an immediate and present danger of domestic violence exists, the court may grant a temporary injunction ex parte, pending a full hearing, and may grant such relief as the court deems proper, including an injunction:
1. Restraining the respondent from committing any acts of domestic violence.
2. Awarding to the petitioner the temporary exclusive use and possession of the dwelling that the parties share or excluding the respondent from the residence of the petitioner.
3. On the same basis as provided in s. 61.13(2), (3), (4), and (5), granting to the petitioner temporary custody of a minor child or children.
(b) In a hearing ex parte for the purpose of obtaining such ex parte temporary injunction, no evidence other than verified pleadings or affidavits shall be used as evidence, unless the respondent appears at the hearing or has received reasonable notice of the hearing. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioner's right to promptly amend any petition, or otherwise be heard in person on any petition consistent with the Florida Rules of Civil Procedure.
(c) Any such ex parte temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing, as provided by this section, shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the hearing before or during a hearing for good cause shown by any party, which shall include a continuance to obtain service of process. Any injunction shall be extended if necessary to remain in full force and effect during any period of continuance.
[2] This decision is effective immediately and its effectiveness will not be delayed by the filing of a motion for rehearing or other post-decision motion.