785 So.2d 672 (2001)
Maria SANCHEZ and Patricia Smith, Petitioners,
v.
STATE of Florida, Respondent.
No. 4D01-1387.
District Court of Appeal of Florida, Fourth District.
May 11, 2001.
*673 Gary A. Woodfield and Donna M. Greenspan of Edwards & Angell, LLP, Palm Beach, for petitioners.
Robert A. Butterworth, Attorney General, and George Waas, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
In these consolidated petitions for writ of certiorari, petitioners seek review of the trial court's orders summarily denying Maria Sanchez's petition for an ex parte injunction for protection against domestic violence, and the trial court's order summarily dismissing an ex parte injunction which had been entered by a duty judge the previous day for the protection of Patricia Smith. We grant the petitions.
Initially, petitioners filed these proceedings as petitions for writ of mandamus. Ordinarily, review of orders addressing domestic-violence injunctions should be pursuant to Florida Rule of Appellate Procedure 9.130. However, we have redesignated these petitions as petitions for writ of certiorari and designated the State of Florida as respondent. Under the facts alleged, the remedy pursuant to *674 rule 9.130 is inadequate, and the irreparable harm necessary for certiorari review exists. See Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). See also Sova Drugs, Inc. v. Barnes, 661 So.2d 393, 394 (Fla. 5th DCA 1995) (determining that the purpose of the statutory medical malpractice presuit requirements which is to encourage settlement of caseswould be frustrated if certiorari review of orders determining issues regarding those requirements is not allowed, and appellate courts could not properly remedy the cause on appeal).

MARIA SANCHEZ
On March 7, 2001, Maria Sanchez filed a petition seeking an injunction for protection against domestic violence, making the following allegations:
Around Feb 15, 2001 the Respondent [named below] called my house and said that he would kill me wherever he saw me. He said he had a gun, a 380 and he said that he swore he would send me to my country in a box. I hung up.
About 3 weeks ago he came to my home and he broke my window to my apartment and waved a knife at me through the window and said that he will kill me today. I called the police and he ran.
In February 21, 2001 he asked me to make a juice in the blender. I said no, that I wasn't going to do what he wanted I was not his wife, he slapped me in my mouth, and started to beat me really bad, he grabbed me by the neck and lifted me off the ground. He busted the phone and the caller I.D. I went outside and he started drinking his juice. He was also upset because I told him I didn't want to live with him anymore.
In December 2000, he was upset and drinking alcohol and he ripped my clothes off and threw me on the bed, punched me several times in the head, he kicked me in the head with his steel-toe boots on. He was beating me like I was a man, he choked me, and scratched my neck. The Lake Worth Police have pictures of my wounds. He has beaten me for 4 years so many times I can't even remember them all. He stalks me. Friends and neighbors say that they see him drive by a lot. They said he was driving by last night.
The trial court denied the petition without holding a hearing. The court entered a form order, checking off the sentence which states: "Petitioner has failed to allege facts sufficient to support the entry of an injunction for protection against domestic or repeat violence because __________." However, the trial court crossed out the word "because," and did not fill in the blank.
On March 13, 2001, petitioner Sanchez filed a supplemental affidavit in support of her petition, alleging that there had been a hearing on the domestic battery charge which is pending against the respondent below, and he told her friend that if petitioner Sanchez kept accusing him, he will kill her. Petitioner Sanchez also alleged that two weeks prior to the filing of the supplemental affidavit, he screamed something at her as she and a friend drove by him while he was walking. Petitioner added that he once told her that if she ever accused him of anything and got him deported, he would kill her father in Honduras. She stated that she feels scared every time she sees the respondent, and is afraid he will come after her.
The trial court denied the supplemental request for relief without a hearing, entering an order identical to the initial order.
Section 741.30(5)(a) provides, "When it appears to the court that an immediate and present danger of domestic violence *675 exists, the court may grant a temporary injunction ex parte, pending a full hearing...." See also Fam. L.R.P. 12.610(c)(1)(A) (providing that for issuance of an ex parte injunction, "it must appear to the court that an immediate and present danger of domestic or repeat violence exists"). Petitioner Sanchez made facially sufficient allegations to establish the necessary appearance of an immediate and present danger. However, the trial court denied the petition, without a hearing and without an explanation of the reason for summarily denying the petition.
In denying the petition, the trial court provided, as its sole reason for denial, only a statement that petitioner "failed to allege facts sufficient to support the entry of an injunction against domestic or repeat violence," without specifying how the allegations were insufficient. Both section 741.30(5)(b) and rule 12.610(b)(3) require that a denial of a petition for an ex parte temporary injunction be "by written order noting the legal grounds for denial." Specifically, section 741.30(5)(b) provides:
In a hearing ex parte for the purpose of obtaining such ex parte temporary injunction, no evidence other than verified pleadings or affidavits shall be used as evidence, unless the respondent appears at the hearing or has received reasonable notice of the hearing. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioner's right to promptly amend any petition, or otherwise be heard in person on any petition consistent with the Florida Rules of Civil Procedure.
(Emphasis added). Rule 12.610(b)(3) provides in part:
Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time.
(Emphasis added). We hold that the trial court's findings were insufficient to satisfy the statute's and rule's requirements.
The trial court's findings, when sufficient, may trigger the requirement for a full hearing at the earliest possible time. As seen above, section 741.30(5)(b) and rule 12.610(b)(3) require that where the petition allegations are found to be insufficient only because they do not present an appearance of an immediate and present danger of domestic violence, the court must set a full hearing on the petition, with notice, at the earliest possible time. Without a specified basis for the denial of the petition, the determination cannot be made as to whether a full hearing is required on that basis.
Nonetheless, the denial of petitioner Sanchez's facially sufficient petition without affording her a hearing was a departure from the essential requirements of the law. Rule 12.610(b)(3) provides, "Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time." When the ex parte petition for an injunction is to be granted, no initial ex parte hearing will be necessary, because in that situation, the petitioner does not need the opportunity to argue her case. However, where the petition is to be denied, the rule requires that the petitioner be given the opportunity to *676 argue her case. The trial court below failed to give petitioner Sanchez that opportunity, thereby departing from the essential requirements of the law.

PATRICIA SMITH
On March 7, 2001, Patricia Smith filed a petition seeking an injunction against domestic violence, alleging that the respondent below followed her into her home and choked her, popping something in her neck. He pushed her and grabbed her arms, bruising her right arm in two places, severely hurting the right side of her body, and scratching her neck. When she tried to call 911, he took all of the phones away. She finally ran out of her house and called the police at a neighbor's house, resulting in the arrest of the respondent below. She has since seen him near her home once, at which time she called the police.
The petition was granted by a duty judge, who entered a temporary injunction on March 27, 2001. A hearing was set for a day soon thereafter. On March 28, 2001, the assigned judge dismissed the injunction without holding a hearing on the matter. In his order of dismissal, the assigned judge found that the injunction was "improvidently issued, as the Petitioner failed to allege facts sufficient to support the entry of an injunction." The judge also canceled the hearing which had been set by the duty judge.
After an ex parte temporary injunction is entered, section 741.30(5)(c) requires that a full hearing be set on the matter. Specifically, that section provides:
Any such ex parte temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing, as provided by this section, shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the hearing before or during a hearing for good cause shown by any party, which shall include a continuance to obtain service of process. Any injunction shall be extended if necessary to remain in full force and effect during any period of continuance.
(Emphasis added). The district court in White v. Cannon, 778 So.2d 467 (Fla. 3d DCA 2001), reversed an order dismissing a temporary injunction against domestic violence because the dismissal had been entered without giving the petitioner due notice and an opportunity to be heard. The district court specified that on remand, "section 741.30 and the requirements of due process must be observed." See also Segui v. Nester, 745 So.2d 591 (Fla. 5th DCA 1999) (reversing the dismissal of a petition for an injunction against repeat domestic violence pursuant to section 784.046, which contains a provision identical in effect to that in section 741.30(5)(c) quoted above, because the dismissal was entered without providing an evidentiary hearing); Brooks v. Barrett, 694 So.2d 38 (Fla. 1st DCA 1997) (holding, upon husband/respondent's complaints that the amended injunction against domestic violence modified the previous injunction without a motion, notice or a hearing, that the trial court cannot sua sponte amend an injunction when there has been no notice or hearing). The statute and case law establish that a hearing must be held prior to dismissal of an existing injunction against domestic violence. Therefore, the trial court departed from the essential requirements of the law by failing to give petitioner Smith notice and an opportunity to be heard prior to the dismissal of the injunction entered by the duty judge.
We also hold that the trial court departed from the essential requirements of the law in failing to sufficiently set forth the legal grounds for the dismissal of petitioner Smith's injunction. As noted above, *677 when a petition for an injunction is denied as insufficient only because is does not present an appearance of an immediate and present danger of domestic violence, the court must set a full hearing on the petition, with notice, at the earliest possible time. § 741.30(5)(b); Fla. Fam. L.R.P. 12.610(b)(3). To prevent circumvention of that requirement, where the trial court's action is based on a finding that the allegations are insufficient, the trial court must give a specific basis for that finding, both prior to denial of the petition (as reasoned above) and prior to dismissal of an existing injunction.

CONCLUSION
Accordingly, we grant petitioner Sanchez's petition for writ of certiorari, and quash the trial court's orders denying her petition for injunction. We remand petitioner Sanchez's case and direct the trial court to forthwith conduct an ex parte hearing on the petition. In the event the trial court determines that the petition should be denied, the court shall state the reasons for the denial in its written order, as provided in section 741.30(5)(b) and rule 12.610(b)(3).
We also grant petitioner Smith's petition for writ of certiorari, quash the trial court's order dismissing the injunction, and remand with directions to the trial court to immediately reinstate the injunction entered by the duty judge. Thereafter, the trial court shall comply with the requirements of section 741.30(5)(c) when conducting further proceedings concerning the injunction.
CERTIORARI GRANTED.
DELL, FARMER, and STEVENSON, JJ., concur.