MAY, J.
The father appeals two orders vacating temporary injunctions issued against the mother and her live-in boyfriend for domestic violence. He argues the trial court erred in vacating the orders without conducting a hearing and providing him with an opportunity to be heard. We agree and reverse.
The father and mother are currently involved in dissolution of marriage proceedings. Their two-year-old daughter resides with the mother and her live-in boyfriend. After the child’s visit with the father, the father filed a Petition for Injunction for Protection Against Domestic Violence, alleging that the mother was neglecting the child by failing to protect her *1202 from abuse by the boyfriend. The father sought temporary custody and limited or prohibited visitation by the mother.
The father also filed a Petition for Injunction for Protection Against Domestic Violence against the boyfriend. That petition alleged that the boyfriend had inappropriately touched the daughter. The petition alleged the father took the child to the hospital and the child informed the police of the inappropriate touching by the boyfriend.
On September 2, 2007, the duty judge entered two orders for temporary injunctions against the mother and boyfriend, pursuant to section 741.30, Florida Statutes (2006). The orders set a hearing for September 14, 2007. The duty judge found that the statements in the father’s petition made it appear that the child was a victim of domestic violence and was in immediate and present danger. The court granted temporary custody of the child to the father.
On September 3, 2007, the mother filed an Emergency Motion For Return of Child and Change of Custody in the dissolution case, requesting a modification of the injunction against the mother, immediate return of the child, and a restriction of the father to supervised visitation in Martin County. Two days later, the judge in the dissolution proceedings entered two orders vacating the temporary injunctions.
Both orders noted that the original injunction orders were entered by a duty judge. Noting that neither the police nor the Department of Children and Families had taken any action on the allegations, the trial court found the allegations against the mother eonclusory and those against the boyfriend based upon hearsay that did not “satisfy the requirement of § 784.046.” In fact, the court noted that this was the very type of petition that the statute was designed to guard against.
The issue in this case is simple and straight forward: Is a hearing required before a court can vacate temporary injunctions against domestic violence? The answer is yes. After the issuance of an ex parte temporary injunction under section 741.30, the injunction cannot be vacated without a hearing. Sanchez v. State, 785 So.2d 672, 676 (Fla. 4th DCA 2001). See also White v. Cannon, 778 So.2d 467, 467-68 (Fla. 3rd DCA 2001) (reversing a trial judge’s summary dismissal of a temporary injunction that had been entered earlier that day by a different judge).
We therefore reverse the orders vacating the temporary injunctions and remand the case to the trial court to conduct a hearing before ruling on the mother’s motion to vacate.

Reversed and Remanded.

POLEN and GROSS, JJ., concur.