PER CURIAM.
Teddy (Theodore) Laserinko appeals the final judgment of injunction for protection against stalking entered in favor of Ann Marie Gerhardt and her minor child. Because we find that the evidence was legally insufficient to support issuing the injunction, we reverse.
Laserinko and Gerhardt were the only witnesses who testified at trial. They first met more than 20 years ago, lost contact, and then later reacquainted through social media. Gerhardt was divorced with a young, minor son. Gerhardt, her son, and Laserinko began spending time together, visiting amusement parks and engaging in other activities. In early January 2014, Laserinko e-mailed Gerhardt, expressing a desire that their relationship become more than just a friendship. Gerhardt e-mailed back, indicating that he was a great friend, but that she did not consider Laserinko in a romantic way. Laserinko then sent two e-mails, one apologizing for making things awkward and the second to explain why he thought, based upon their interactions, that the relationship had been developing into more than just a friendship. Ger-hardt responded the following day by email, stating that this was a “lot to digest,” she needed “some space,” to stop “putting this all on her,” and that she would be back in touch with him.
On February 1, 2014, Gerhardt attended a concert at Sea World with a friend and his daughters. Laserinko separately attended the same concert with his mother and others. Laserinko saw Gerhardt but did not approach her. She did not see him. There was no competent evidence at trial that Laserinko knew Gerhardt would be at the concert. On February 3, 2014, and then on February 10, 2014, Laserinko sent two innocuous e-mails, wishing Ger-hardt and her son a “good morning.” Two days before Valentine’s Day, Laserinko sent Gerhardt and her son Valentine’s Day cards and also sent her a box that contained a small stuffed teddy bear, chocolates, and a compact disc (“CD”). Ger-hardt did not respond. Thereafter, on March 11, 2014, Laserinko e-mailed Ger-hardt, asking that she contact him, reminding her that in her January e-mail to him, she had indicated that she would call him. Five days later, Laserinko again emailed, apologizing for his efforts to make their relationship more than just friends and expressing hope that they could go back to the way they were.
On April 20, 2014, Laserinko e-mailed Gerhardt wishing her and her son a happy Easter. Two days later, on April 22, 2014, Laserinko e-mailed Gerhardt a two-and-one-half page letter, which, due to its tone, prompted Gerhardt to e-mail Laserinko the next day, directing him to stop having any further contact with her and advising that if he failed to do so, she would contact law enforcement. Gerhardt’s petition for injunction for protection against stalking followed, and the nonjury trial was held on May 14, 2014.
A person commits the act of stalking by “willfully, maliciously, and repeatedly follow[ing] harassing], or cyber-stalkfing] another person.... ” See § 784.048(2), Fla. Stat. (2013). “ ‘Harass’ means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.” Id. § 784.048(1)(a). ‘“Course of conduct’ means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose.” Id. § 784.048(1)(b); see also Lukacs v. Luton, 982 So.2d 1217, 1219 (Fla. 1st DCA 2008) (“Thus, by its statutory definition, stalking requires proof of repeated acts.”).
*522 “Each incident of stalking must be proven by competent, substantial evidence to support an injunction against stalking.” Touhey v. Seda, 183 So.3d 1203, 1204 (Fla. 2d DCA 2014) (citing Goudy v. Duquette, 112 So.3d 716, 717 (Fla. 2d DCA 2013)). “When evaluating whether competent, substantial evidence supports a trial court’s ruling, ‘[l]egal sufficiency ... as opposed to evidentiary weight, is the appropriate concern of an appellate .tribunal.’ ” Brilhart v. Brilhart ex rel. S.L.B., 116 So.3d 617, 619 (Fla. 2d DCA 2013) (alterations in original) (quoting Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981)). In determining whether each incident of harassment causing “substantial emotional distress” has been established to support a finding of stalking, “courts use a reasonable person standard, not a subjective standard.” Slack v. Kling, 959 So.2d 425, 426 (Fla. 2d DCA 2007) (citing Ravitch v. Whelan, 851 So.2d 271, 273 (Fla. 5th DCA 2003)).
We have no trouble concluding that the April 22, 2014 e-mail from Laserinko to Gerhardt would cause a reasonable person to suffer the “substantial, emotional distress” required by section 784.048. However, based upon our careful review of the record, we conclude that none of the other contacts from Laserinko during this approximate four-month period[1] were such that a reasonable person would have suffered “substantial emotional distress.” Accordingly, due to the lack of competent, substantial evidence to establish the requisite second incident to support the issuance of a final judgment of injunction for protection against stalking, we reverse and remand with instructions to dismiss Ger-hardt’s petition.
REVERSED and REMANDED.
PALMER, EVANDER and LAMBERT, JJ., concur.

. Gerhardt also testified to other text and phone messages received from Laserinko that she was unable to retrieve for trial, which she described as Laserinko "basically trying to get in touch with me.”