PER CURIAM.
Christopher Plummer appeals the final judgment of injunction for protection against stalking entered in favor of his ex-girlfriend, Stacey Ann Forget. Because we find that the evidence is legally insufficient to support issuing the injunction, we reverse.[1]
In Laserinko v. Gerhardt, 154 So.3d 520 (Fla. 5th DCA 2015), this court recently summarized the law applicable to a trial court’s final judgment of injunction for protection against stalking as follows:
A person commits the act of stalking by “willfully, maliciously, and repeatedly following] harassing], or cyber-stalk[ing] another person.... ” See § 784.048(2), Fla. Stat. (2013). “‘Harass’ means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.” Id. § 784.048(l)(a). “ ‘Course of conduct’ means a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose.” Id. § 784.048(l)(b); see also Lukacs v. Luton, 982 So.2d 1217, 1219 (Fla. 1st DCA 2008) (“Thus, by its statutory definition, stalking requires proof of repeated acts.”).
“Each incident of stalking must be proven by competent, substantial evidence to support an injunction against stalking.” Touhey v. Seda, 133 So.3d 1203, 1204 (Fla. 2d DCA 2014) (citing Goudy v. Duquette, 112 So.3d 716, 717 (Fla. 2d DCA 2013)). “When evaluating whether competent, substantial evidence supports a trial court’s ruling, ‘[ljegal sufficiency ... as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.’ ” Brilhart v. Brilhart ex rel. S.L.B., 116 So.3d 617, 619 (Fla. 2d DCA 2013) (alterations in original) (quoting Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981)). In determining whether each incident of harassment causing “substantial emotional distress” has been established to support a finding of stalking, “courts use a reasonable person standard, not a subjective standard.” Slack v. Kling, 959 So.2d 425, 426 (Fla. 2d DCA 2007) (citing Ravitch v. Whelan, 851 So.2d 271, 273 (Fla. 5th DCA 2003)).
154 So.3d at 521-22 (alterations in original).
Based upon our careful review of the record, we conclude that the incidents described by Forget, when examined through the prism of the “reasonable person” standard, would not have caused “substantial emotional distress” to support a finding of stalking. Accordingly, we reverse the final judgment of injunction for protection against stalking.
REVERSED.
ORFINGER, LAMBERT and EDWARDS, JJ., concur.

. Because the issue is dispositive, we decline to address the second issue raised by Plum-mer.