NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CAROL RACHELLE ROACH,  )
  )
　　　　Appellant,  )
  )
v.  )　　Case No. 2D15-493
  )
CARMEN BROWER,  )
  )
　　　　Appellee.  )
　　　　　　　　　　　　　　　　)

Opinion filed December 9, 2015.

Appeal from the Circuit Court for Pinellas
County; Thomas M. Ramsberger, Judge.

J. Andrew Crawford of J. Andrew Crawford,
P.A., St. Petersburg, for Appellant.

Carmen Brower, pro se.


LUCAS, Judge.

　　　　Carol Rachelle Roach appeals the entry of an injunction for protection against stalking that prohibits her from contacting Carmen Brower, the petitioner below. Ms. Brower, who neither appeared in this appeal nor testified in the underlying proceedings, failed to prove that she suffered any kind of emotional distress as a result of Ms. Roach's activities. Accordingly, we reverse the circuit court's order.

From the record presented in this appeal, it appears that Ms. Roach became convinced that a relative of Ms. Brower had burglarized Ms. Roach's home. Ms. Roach pursued that belief to some degree. She filed a criminal complaint and then began "investigating," through various means, Ms. Brower's relative by contacting Ms. Brower, her friends, and her family. On November 6, 2014, Ms. Brower filed a petition for injunction against Ms. Roach, alleging that Ms. Roach was harassing, stalking, and threatening her.

On January 9, 2015, the court convened an evidentiary hearing on Ms. Brower's petition. At that hearing, several witnesses testified on behalf of Ms. Brower and Ms. Roach. Collectively, their testimony was fairly vague, revolving around anonymous telephone calls made to Ms. Brower's daughter, Ms. Roach's repeated inquiries about Ms. Brower's relative, and a magnetic car sign Ms. Roach placed on her vehicle that sought information about Ms. Brower's relative. Neither Ms. Roach nor Ms. Brower testified.[1] The circuit court announced its ruling at the conclusion of the hearing, stating it was concerned about the level of contact that Ms. Roach had had with Ms. Brower's friends and family. The court's injunction order prohibited Ms. Roach from committing, or causing any other person to commit, any acts of stalking against Ms. Brower and from contacting Ms. Brower for a period of one year. Ms. Roach then timely appealed.

---

[1]Ms. Brower represented herself throughout the proceedings below and appears to have conducted herself properly. She examined and cross-examined the witnesses who testified and complied with the court's evidentiary rulings. However, she never provided her own testimony during the hearing. It may be that she was simply unsure at what point in the process she could "tell her side of the story," so to speak, as a pro se litigant.

A petitioner may obtain an injunction to prevent stalking under section 784.0485, Florida Statutes (2014).  Section 784.048(2), in turn, provides: "A person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking . . . ."  Pertinent here, section 784.048(1)(a) defines the term "harass" as "to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose."  Thus, to be entitled to injunctive relief under her petition, Ms. Brower had to establish that Ms. Roach willfully, maliciously, and repeatedly engaged in a course of conduct toward her that caused her substantial emotional distress and served no legitimate purpose.

"Each incident of stalking must be proven by competent, substantial evidence to support an injunction against stalking." Touhey v. Seda, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014).  In the case at bar, while we might defer to the court's determinations that Ms. Roach's course of conduct was willful, malicious, and unjustified, we cannot ignore the complete absence of evidence as to whether that conduct caused Ms. Brower substantial emotional distress under section 784.048(1)(a).  Ms. Brower never testified.  And not one of the witnesses who did testify ever implied that Ms. Brower was affected by Ms. Roach's actions in any way.  In truth, it seems that the distress, if there were any here, was harbored solely by the witnesses themselves.  Regardless, without competent, substantial evidence that Ms. Brower, the petitioner, suffered substantial emotional distress, the circuit court could not enter an injunction against Ms. Roach based upon the stalking statute.  See Leach v. Kersey, 162 So. 3d 1104, 1106-07 (Fla. 2d DCA 2015) (holding that because petitioner failed to

demonstrate that she suffered substantial emotional distress through competent, substantial evidence, the trial court erred in granting the injunction against stalking); Jones v. Jackson, 67 So. 3d 1203, 1204 (Fla. 2d DCA 2011) (holding that the trial court erred in granting an injunction against stalking where the evidence did not demonstrate that a reasonable person in the petitioner's position would have suffered substantial emotional distress).

The order below is, therefore, reversed, and we remand with instructions to the circuit court to dissolve the injunction against Ms. Roach.

Reversed and remanded with instructions.


ALTENBERND and WALLACE, JJ., Concur.