DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICIA A. FYE,**
Appellant,

v.

**BRYAN S. BENNETT,**
Appellee.

No. 4D16-44

[May 25, 2016]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John L. Phillips, Judge; L.T. Case No. 502015DR011874.

Siobhan Helene Shea of Siobhan Helene Shea Appellate Practice, Palm Beach, for appellant.

No appearance for appellee.

PER CURIAM.

Patricia A. Fye appeals the summary denial of her petition for injunction against stalking, which she sought against her former husband, Bryan S. Bennett, pursuant to section 784.0485, Florida Statutes (2015). Fye's petition was denied without a hearing based on a finding that Fye failed to allege specific facts and circumstances to establish that she was the victim of stalking. We reverse and remand because we conclude that the petition alleged sufficient facts to warrant an evidentiary hearing.

The petition alleged that Fye and Bennett lived together for several years prior to 2014, and that Bennett was also employed by Fye's company. In early 2014, their relationship dissolved, and Fye terminated Bennett's employment. At that time, Bennett began to make threats against Fye, her business, and her employees through harassing phone calls and by showing up at job sites. In November 2015, Bennett entered a plea of guilty to two counts of making threatening phone calls against Fye, and he was sentenced to six months of probation. As a condition of his probation, Bennett agreed to cooperate with the entry of a permanent injunction against stalking. Fye also alleged that Bennett was seen

outside of her home and office on several occasions over the past several months.

Section 784.0485, Florida Statutes (2015), creates a civil cause of action, which allows a victim of stalking to seek an injunction for protection. "A person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking[.]" § 784.048(2), Fla. Stat. (2015). To "harass" is defined as "engag[ing] in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. A "course of conduct" is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose." § 784.048(1)(b), Fla. Stat. Finally, when determining whether a victim has suffered substantial emotional distress, courts apply a reasonable person standard rather than a subjective standard. *See Plummer v. Forget*, 164 So. 3d 109, 110 (Fla. 5th DCA 2015).

Considering Fye's allegations in light of Bennett's recent plea agreement, including his agreement to cooperate with the entry of a permanent injunction against stalking, we conclude that Fye's petition was facially sufficient. We therefore reverse and remand for the trial court to conduct an evidentiary hearing on Fye's petition pursuant to section 784.0485(4), Florida Statutes.

*Reversed and remanded.*

WARNER, GROSS and KLINGENSMITH, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

2