DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY DAVID,**
Appellant,

v.

**MARLENE SCHACK,**
Appellee.

No. 4D15-1973

[May 25, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. DVCE15003272.

Brian Y. Silber of Law Offices of Brian Silber, P.A., Fort Lauderdale, for appellant.

No appearance for appellee.

DAMOORGIAN, J.

Appellant, Anthony David, appeals the Final Judgment of Injunction for Protection Against Stalking entered in favor of Marlene Schack. We reverse because there was not competent and substantial evidence to support the injunction. Even if the evidence presented was sufficient, we nonetheless would reverse because the trial court did not give Appellant an opportunity to present his case.

Ms. Schack filed a Petition for Injunction for Protection Against Stalking against Appellant pursuant to section 784.0485 of the Florida Statutes. After finding that the allegations in the petition were insufficient to warrant a temporary injunction, the court set the matter for an evidentiary hearing to determine whether Ms. Schack was a victim of stalking entitling her to a permanent injunction against Appellant.

At the very brief hearing, both the parties appeared pro se. Ms. Schack began by telling the court that she did not want Appellant in her life. She then stated: "He was banging on my door. He left a check, which I have here; I didn't cash. . . . A letter that he left in my mailbox. He shouldn't

be in my mailbox. . . . And he doesn't need to be driving down my street. . . . And that's it. I just want him to leave me alone." The court asked Ms. Schack if she had informed Appellant of her desire for him to leave her alone, to which she responded that she had texted him the same. The court then asked Appellant if Ms. Schack had told him to leave her alone, and he said that with the exception of filing the Petition, she had not. Without providing Appellant further opportunity to present his case, the court announced that it was granting Ms. Schack's petition. This appeal follows.

Appellant argues that the court erred in entering a permanent injunction against him because the court did not conduct an adequate evidentiary hearing in that it did not give Appellant the opportunity to present his case. Appellant is correct. "Parties are entitled to a full hearing prior to the trial court issuing a permanent injunction." *Furry v. Rickles*, 68 So. 3d 389, 390 (Fla. 1st DCA 2011). "To satisfy due process requirements at an injunction hearing, the parties must have a reasonable opportunity to prove or disprove the allegations made in the complaint." *Id.* "This includes allowing relevant testimony of pertinent, noncumulative witnesses who are present and cross-examination of the parties." *Id.* Appellant was not given any such opportunity.

Further, the evidence presented by Ms. Schack at the hearing was plainly insufficient to support the injunction. Section 784.0485 creates "a cause of action for an injunction for protection against stalking." § 784.0485(1), Fla. Stat. (2015). Stalking is the offense of "willfully, maliciously, and repeatedly follow[ing], harass[ing], or cyberstalk[ing] another person." § 784.048(2), Fla. Stat. (2015). "Harass," in turn, "means to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a); *see also* § 784.048(1)(b) (defining "course of conduct" as "a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose").

In order to be entitled to an injunction for stalking, the petitioner must allege and prove two separate instances of stalking. *See Roach v. Brower*, 180 So. 3d 1142, 1144 (Fla. 2d DCA 2015). "Each incident of stalking must be proven by competent, substantial evidence to support an injunction against stalking." *Touhey v. Seda*, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014). When considering the sufficiency of the evidence, "[c]ourts apply a reasonable person standard, not a subjective standard, to determine whether an incident causes substantial emotional distress." *Id.* (internal quotation marks omitted).

Here, Ms. Schack testified that Appellant banged on her door and left her a letter and a check. Employing a reasonable person standard, it is difficult to see how this behavior would rise to the level of causing "substantial emotional distress." *See Leach v. Kersey*, 162 So. 3d 1104, 1106–07 (Fla. 2d DCA 2015) (holding that because petitioner failed to demonstrate that she suffered substantial emotional distress after her lover's wife contacted her through social media and the telephone, the trial court erred in granting the injunction against stalking). Furthermore, even viewing the evidence in the light most favorable to Ms. Schack, she only presented evidence of one stalking incident.

Given the lack of proper procedure and evidence, we are compelled to reverse the injunction.

*Reversed.*

STEVENSON and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***