CIKLIN, C.J.
Brian Klemple appeals from a final judgment of injunction for protection against stalking in favor of Donald Gagli-ano. Because there was not competent, substantial evidence to support the injunction, we revérse.
Klemple and Gagliano are neighbors who reside in the same condominium complex. Unable to get along, they filed petitions for injunctions against each other on the same day. The trial court set the matter for an evidentiary hearing.
■. At the hearing, Gagliano testified that on October 28, 2015, Klemple argued with Gagliano’s wife about condominium association issues, but Gagliano was not present, and Klemple later apologized. On November 5, 2015, the two men began talking and “got into words.” Klemple threatened to “bust [Gagliano’s] face” and waited for Gagliano in Gagliano’s parking spot, and the two continued arguing. Gagliano testified that during the argument, he was “just smiling.” On the same day, Gagli-ano’s wife told him she saw Klemple coming out of the maintenance room with cable boxes, and later Gagliano’s cable was not working. Gagliano called a cable repairman, who discovered that a wire was cut.
On November 6, 2015, Gagliano heard noise outside his front door and Klemple was there, Klemple attempted to apologize to Gagliano and said “we should get together” and “be better neighbors.” On November 7, 2015, Gagliano saw Klemple near Gagliano’s car, lunging or throwing something. Shortly thereafter, Gagliano saw some sort of chemical on his car and called the -police. He concluded that Klemple had thrown the chemicals on his car.
*1285 Gagliano further testified that on ■ unspecified dates, Klemple waited in his car while Gagliano’s wife was outside waiting for Gagliano, that Klemple ealled Gagliano a wife beater, and that when Gagliano leaves the building, Klemple closes windows on the catwalk after Gagliano has opened them. .
Klemple denied arguing with Gagliano’s wife on October 28 and introduced testimony that he was at the hospital that day. He admitted to having contact with Gagli-ano on November 5, but denied that an argument, occurred, that he said he was going to “bust [Gagliano’s] face,” and that he called Gagliano a wife beater.
Klemple adinitted that a conversation occurred between the men on November 6, but denied that he was outside Gagliano’s front door. Instead, he testified that he was sweeping an area on.the, catwalk that gathers dust. Klemple denied throwing anything on Gagliano’s car. He testified that his car had been egged, so he called the police, and shortly thereafter, he and his wife left for -Home Depot,
At the hearing, the trial court commented:
I got two guys that don’t get along and I can tell that it’s hit a point where I’m not going to wait for there to be a bigger problem. You guys are acting like you’re both sophomores iii high school. It’s ridiculous. Blit I’m not going to wait. I' can tell this is already at a fevered pitch. Just the way you guys are acting in this courtroom; I can feel it.
The trial court entered permanent injunctions against both men and explained that the injunctions were “forever.”
Klemple now appeals the injunction entered against him and argues that there was insufficient evidence to support it. We agree.
Section 784.0485 creates “a cause of action for an injunction for protection against stalking.” § 784.0485(1), Fla. Stat. (2015), Stalking is the offense of “willfully, maliciously, and repeatedly following], harassing], or cyber-stalk[ing] another person.” § 784.048(2), Fla. Stat. (2015). ' “Harass,” in turn, “means' to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.” § 784.048(l)(a); see also § 784.048(l)(b) (defining “course of conduct” as “a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose”).
In order to be entitled to an injunction for stalking, the petitioner must allege and prove two separate instances of stalking. See Roach v. Brower, 180 So.3d 1142, 1144 (Fla. 2d DCA 2015). “Each incident of stalking must be prov-én by competent, substantial evidence to support an injunction against stalking.” Touhey v. Seda, 133 So.3d 1203, 1204 (Fla. 2d DCA 2014). When considering the sufficiency of the evidence, “[c]ourts apply a reasonable person standard, not a subjective standard, to determine whether an incident causes substantial emotional distress.” Id. (internal quotation marks omitted).
David v. Schack, 192 So.3d 625 (Fla. 4th DCA 2016). ‘
Here, the evidence is insufficient to constitute stalking under , the “following” prong of the statute. Gagliano never testified that Klemple followed him. The only evidence' that could • arguably amount to “following” was Gagliano’s testimony that Klemple was outside his front door, and that Klemple waited in his car while Gagli-ano’s wife was outside waiting for Gagli-ano. Gagliano’s testimony that Klemple *1286 waited in his car was vague and does not amount to following, particularly where the parties live in the same community. See generally David, 192 So.3d 625 (evidence that respondent banged on petitioner’s door and left her a check, and also left a letter in her mailbox and drove down her street was insufficient to constitute stalking). Even if this conduct did amount to stalking, the evidence does not show that it was done “maliciously.”
The evidence is also insufficient to constitute stalking under the “harassment” prong of the statute, which requires a course of conduct that would cause a reasonable person to suffer substantial emotional distress. See id. Gagliano did not testify to any emotional distress and, to the contrary, testified that he was “just smiling” while arguing with Klemple. Klemple’s conduct would not cause a reasonable person substantial emotional distress. See Jones v. Jackson, 67 So.3d 1203, 1204 (Fla. 2d DCA 2011) (reversing injunction against repeat violence where threatening phone calls and texts would not cause a reasonable person substantial emotional distress).
Finally, Gagliano’s testimony regarding Klemple’s argument with Gagli-ano’s wife, the cut cable, and the windows on the catwalk does not constitute competent, substantial evidence under either prong of the statute because it is based on hearsay and speculation. See B.L. v. Dep’t of Children & Families, 174 So.3d 1125, 1126 (Fla. 4th DCA 2015) (finding dependency order was not based on competent, substantial evidence- because' the evidence consisted entirely of hearsay); Realauction.com, LLC v. Grant St. Grp., Inc., 82 So.3d 1056, 1059 (Fla. 4th DCA 2011) (“Speculative testimony is not competent substantial evidence.”). Likewise, the testimony that Klemple threw chemicals on Gagliano’s car is not competent, substantial evidence. Gagliano did not explicitly testify that he saw Klemple throw chemicals on his car, and he could not identify the chemical. The trial court did not make any findings as to the credibility of either man’s testimony as to that incident. .
The trial court’s rationale for imposing the- injunctions — that the court was “not going to wait for there to be a bigger problem” — suggests that the evidence was insufficient. “The statute does not allow the trial court to enter injunctions simply ‘to keep the peace’ between parties who, for whatever reason, are unable to get along and behave civilly towards each other.” Power v. Boyle, 60 So.3d 496, 498 (Fla. 1st DCA 2011) (referring to the repeat violence statute).
In Power, the First District held that a respondent’s conduct of yelling obscenities toward petitioners’ house, letting his dog urinate on their garage door, writing profane notes on their mail, and allegedly destroying their plants, did not constitute “violence” or “stalking” so as to support an injunction for protection against repeat violence. Id. at 499. The court noted that the relationship between the petitioner and respondent seemed to be “more tit-for-tat than stalker-victim.” Id.
Similarly, here, as the trial court acknowledged, the relationship between the , parties is that of neighbors who used to be friends but can no longer get along. The parties filed injunctions against each other on the same day, suggesting that, like in Power, this is more of a “tit-for-tat” situation than a “stalker-victim” situation.
As the evidence, was insufficient to support an injunction against Klemple, we reverse the injunction.

Reversed.

GERBER and LEVINE, JJ., concur.