DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOMINICK VITALE,**
Appellant,

v.

**KATHLEEN E. HOLMES,**
Appellee.

No. 4D17-1462

[November 1, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 2017DR004612XXXXSB.

Jonathan Mann and Robin Bresky of Law Offices of Robin Bresky, Boca Raton, for appellant.

Kathleen E. Holmes, Delray Beach, pro se.

KUNTZ, J.

The Appellant appeals the circuit court's order summarily denying his petition for protection against cyberstalking/stalking against Appellee without prejudice to refile the petition after curing purported procedural defects. We reverse because the Appellant was either entitled to an explanation of the reasons for the summary denial or a hearing on his petition.

The Appellant filed a petition in the circuit court alleging five instances of harassment and stalking. He included multiple pages of handwritten details regarding the alleged incidents. The court summarily denied his petition, checking a box on the form order that states, "Petitioner has failed to allege facts sufficient to support the entry of an injunction for protection against CYBER STALKING/STALKING." The court noted "insufficient allegations of stalking as defined by law."

On appeal, he argues that he was entitled to a hearing and a detailed explanation as to the reasons for the denial. In lieu of filing an answer brief, the pro se Appellee filed what she titled her "Notice of Consent in

Lieu of Answer Brief." We previously issued an order treating her filing as an answer brief. In the filing, the Appellee states that she was not notified of the proceedings in the circuit court until the filing of this appeal. She further states that had she been notified she would have agreed to allow the Appellant a hearing. However, the court *sua sponte* denied the Appellant's petition without prejudice. The Appellee also notes that "[Appellant] chose to forego the additional and multiple remedies that were made available to him in the lower tribunal and, instead, filed an appeal."

We acknowledge the Appellee's candor to this Court in her "Notice of Consent." She has effectively confessed error; an error she had no part in procuring.

On the merits, and as conceded by the Appellee, we must reverse. We have held that a court must hold a hearing or specify the deficiencies leading to a denial of a petition for injunction against domestic violence. *Chizh v. Chizh*, 199 So. 3d 1050, 1051 (Fla. 4th DCA 2016); *Sanchez v. State*, 785 So. 2d 672, 677 (Fla. 4th DCA 2001). Here, the Appellant filed a relatively detailed petition asserting five instances of purported cyberstalking/stalking. However, the court neither held a hearing nor explained the basis for its conclusion that the eleven-page petition, supported by an additional twenty-five pages of attachments, failed to allege sufficient facts to support entering an injunction. It may in fact be true that the Appellant failed to allege sufficient facts to support the entry of one. However, our case law requires the court to hold a hearing, or otherwise provide an explanation of those deficiencies, prior to summarily denying the petition.

*Reversed and remanded for further proceedings.*

GERBER, C.J., and WARNER, J., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

2