IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


RICKY EWING AKIN,

      Appellant,

 v.                                            Case No.  5D17-1246

CASSANDRA R. JACOBS,

      Appellee.

_____/

Opinion filed December 22, 2017

Appeal from the Circuit Court for
Brevard County,
Kenneth Friedland, Acting Circuit Judge.

Gregory W. Eisenmenger, of Eisenmenger,
Blaue & Peters, P.A., Viera, for Appellant.

No Appearance for Appellee.


PER CURIAM.

Ricky Akin appeals the final judgment of injunction for protection against stalking entered in favor of Cassandra Jacobs following an evidentiary hearing. We reverse because there was a lack of competent substantial evidence presented to support an injunction against stalking.

The parties previously worked in different departments at the Kennedy Space Center. Jacobs filed a petition for injunction for protection against stalking pursuant to

section 784.0485, Florida Statutes (2016), alleging that she received harassing letters anonymously sent through the mail over the course of the last year, her work space was vandalized with a substance "spewed" on her chair and office equipment, and that shortly before filing the petition, she learned through an investigation conducted by her employer that Akin had been tracking Jacobs' and her boyfriend's social media pages and acquired personal information about Jacobs and her daughter.

Stalking is the offense of "willfully, maliciously, and repeatedly follow[ing], harass[ing], or cyberstalk[ing] another person." § 784.048(2), Fla. Stat. (2016). By definition, the statute requires that a petitioner allege and prove two separate instances of stalking. *David v. Schack*, 192 So. 3d 625, 627–28 (Fla. 4th DCA 2016) (citing *Roach v. Brower*, 180 So. 3d 1142, 1144 (Fla. 2d DCA 2015)). "Each incident of stalking must be established by competent substantial evidence . . . ." *Laserinko v. Gerhardt*, 154 So. 3d 520, 522 (Fla. 5th DCA 2015) (quoting *Touhey v. Seda*, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014)). In the present case, there were no allegations contained in the petition or evidence presented at the evidentiary hearing of Akin either "following" or "cyberstalking" Jacobs under this statute. Therefore, to obtain the instant injunction against stalking, Jacobs had to prove at least two separate instances of being willfully and maliciously harassed. The term "harass" is defined in this statute as to "engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. (2016). Furthermore, "[i]n determining whether each incident of harassment [has caused] 'substantial emotional distress' . . . to support a finding of stalking, 'courts use a

reasonable person standard, not a subjective standard.'" *Plummer v. Forget*, 164 So. 3d 109, 110 (Fla. 5th DCA 2015) (quoting *Laserinko*, 154 So. 3d at 521–22).

Jacobs' evidence at the hearing was lacking. Notably, none of the letters that Jacobs alleged to have been sent by Akin were admitted into evidence. Also, Jacobs did not testify to suffering substantial emotional distress. *See Klemple v. Gagliano*, 197 So. 3d 1283, 1286 (Fla. 4th DCA 2016) (finding the evidence insufficient to constitute the "harassment" prong under the statute where petitioner did not testify to any emotional distress). Jacobs did call one witness to testify, an investigator employed by Kennedy Space Center who investigated Jacobs' separate complaint that she filed with her employer against Akin on these allegations. Much of this witness's testimony concerned a videotape, letters, and a report that he reviewed but did not prepare, none of which were admitted into evidence. Akin's counsel interposed hearsay and best evidence rule objections to much of this witness's testimony, which the trial court incorrectly overruled. An injunction cannot be based on hearsay evidence. *See id.* at 1286. Finally, the evidence presented at the hearing that Akin may have smeared tuna fish on Jacobs' work station was speculative. *See Realauction.com, LLC v. Grant St. Grp., Inc.,* 82 So. 3d 1056, 1059 (Fla. 4th DCA 2011) ("Speculative testimony is not competent substantial evidence.").

Accordingly, we reverse the final judgment of injunction for protection against stalking, with directions to dismiss the petition.

REVERSED and REMANDED.

COHEN, C.J., AND EVANDER, J., concur.
LAMBERT, J., concurs and concurs specially, with opinion.

3

LAMBERT, J., concurring and concurring specially, with opinion.          5D17-1246

I concur with the majority opinion. The result of this appeal may well have been different if the letters that Jacobs asserts were regularly sent to her by Akin were actually admitted into evidence.[1] Because the letters were not actually admitted into evidence, there was no competent evidence in the record about the content of the letters or how they would cause a reasonable person to suffer substantial emotional distress. Moreover, and as pointed out in the majority opinion, there is no actual testimony or evidence from Jacobs or her witness that Jacobs suffered from emotional distress, let alone substantial emotional distress as required by section 784.048(2). Simply put, Jacobs, an unrepresented litigant, failed to meet her evidentiary burden of proving stalking with competent substantial evidence.

I write to address a separate issue mentioned briefly by Akin in his appellate brief. Akin contends that the trial court's "active participation" in the case violated his right to due process, speculating that the nature of the court's involvement was possibly due to Akin being represented by counsel and Jacobs being unrepresented. Akin made no further argument in his brief on this issue nor, for that matter, raised an objection below to what he now contends were the trial court's improprieties, thus waiving the issue for appellate review. *See Johnson v. State*, 114 So. 3d 1012, 1013–14 (Fla. 5th DCA 2012) ("In order to preserve improprieties of a trial judge for appellate review, an objection must be made contemporaneously with the prejudicial conduct or comments."). Nevertheless, Akin's observation bears some mention.

---

[1] Jacobs' petition indicates that Akin was also arrested regarding the allegations in the petition. That criminal prosecution is not affected by our decision in this appeal.

4

Preliminarily, neither Jacobs nor Akin was required to be represented by counsel in this proceeding. *See* § 784.0485(1)(d), Fla. Stat. (2016) ("[A] cause of action for an injunction [against stalking] does not require a party to be represented by an attorney."). Moreover, as to unrepresented petitioners, judges are encouraged to assist them in understanding the process of obtaining these type of injunctions and not to employ an unduly rigid approach so as to impede a pro se litigant's ability to obtain this relief. *See In re Eriksson*, 36 So. 3d 580, 593–94 (Fla. 2010). Here, however, the trial judge did more than simply assist Jacobs in understanding the process of pursuing this injunction. Jacobs was the first witness at the hearing, and the trial judge asked her every question, including many that led to objections being raised by Akin's counsel. When Jacobs' only other witness was called to testify, the judge asked every question of this witness. Finally, after Akin's counsel cross-examined this witness, Jacobs came back on the stand, and the judge again asked her all of the remaining questions, eliciting information that arguably assisted Jacobs in obtaining her injunction.

A trial judge serves as a neutral arbiter in proceedings. *Chastine v. Broome*, 629 So. 2d 293, 295 (Fla. 4th DCA 1993). "While it is permissible for a trial judge to ask questions deemed necessary to clear up uncertainties as to issues that appear to require it," *Asbury v. State*, 765 So. 2d 965, 966 (Fla. 4th DCA 2000) (quoting *J.F. v. State*, 718 So. 2d 251, 252 (Fla. 4th DCA 1998)), the judge "must not enter the fray by giving 'tips' to either side." *Id.* (quoting *Chastine*, 629 So. 2d at 295). In my view, the trial judge in this case went far beyond simply "clearing up" issues and instead became an active participant in the proceedings below, thus casting a shadow upon the fairness of the proceeding. And while I am confident that the trial judge had no improper motive and

5

further recognize that the Florida Supreme Court has encouraged trial judges to provide some assistance to pro se litigants to help them understand the process, trial judges should nevertheless be wary of becoming advocates for the pro se party to the detriment of the opposing party who is represented by counsel, thereby placing the represented party in the untenable position of appearing before a trial judge who seemingly helps the pro se litigant prove his or her case.