PER CURIAM. Ricky Akin appeals the final judgment of injunction for protection against stalking entered in favor of Cassandra Jacobs following an evidentiary hearing. We reverse because there was a lack of competent substantial evidence presented to support an injunction against-stalking. The parties , previously worked in different departments at the Kennedy Space Center. Jacobs filed a petition for injunction for protection against stalking pursuant to section 784.0485, Florida Statutes (2016), alleging that she received harassing letters anonymously sent through the mail over the course of the last year, her work space was vandalized with a. substance “spewed” on her chair and office equipment, and that shortly before filing the petition, she learned through an investigation conducted by her employer that Akin had been tracking Jacobs’ and her boyfriend’s social'media pages and acquired personal information about Jacobs and her daughter. Stalking is the offense of “willfully, maliciously, and' repeatedly following], harassing], or cyberstalk[ing] another person.” § 784.048(2), Fla. Stat. (2016). By definition, the statute requires, that a petitioner allege and prove two separate instances of stalking. David v. Schack, 192 So.3d 625, 627-28 (Fla. 4th DCA 2016) (citing Roach v. Brower, 180 So.3d 1142, 1144 (Fla. 2d DCA 2015)). “Each incident of stalking must be established by competent substantial evidence ....”, Laserinko v. Gerhardt, 154 So.3d 520, 522 (Fla. 6th DCA 2015) (quoting Touhey v. Seda, 133 So.3d 1203, 1204 (Fla. 2d DCA 2014)). In the present ease, there were no allegations contained in the petition or evidence presented .at the evidentiary hearing of Akin either “following” or “cyberstalking” Jacobs under this statute. Therefore, to obtain the instant injunction against stalking, Jacobs had to prove at least two separate instances of being willfully and maliciously harassed. The term “harass” is defined in this statute as to “engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.” § 784.048(1)(a), Fla. Stat. (2016). Furthermore, “[i]n determining whether each incident of harassment [has caused] ‘substantial emotional distress’ ... to support a finding -of stalking, ‘courts use a reasonable person standard, not a subjective standard.’” Plummer v. Forget, 164 So.3d 109, 110 (Fla. 5th DCA 2015) (quoting Laserinko, 154 So.3d at 521-22). Jacobs’ evidence ' at the hearing was lacking. Notably, none of the letters that Jacobs alleged to have been sent by Akin were admitted into evidence. Also, Jacobs did not testify to suffering substantial emotional distress. See Klemple v. Gagli-ano, 197 So.3d 1283, 1286 (Fla. 4th DCA 2016) (finding the evidence insufficient to constitute the “harassment” prong under the statute where petitioner did not testify to any emotional distress). Jacobs did call one witness to testify, an investigator employed by Kennedy Space Center who investigated Jacob's’ separate complaint that she filed with her employer against Akin on these allegations. Much of this witness’s testimony concerned a videotape, letters, and a report that he reviewed but did not prepare, none of which were admitted into evidence. Akin’s counsel interposed hearsay and best evidence rule objections to much of this witness’s testimony, which the trial court incorrectly overruled. An injunction cannot be based on hearsay evidence. See id. at 1286. Finally, the evidence presented at the hearing that Akin may have smeared tuna fish on Jacobs’ work station was speculative. See Realauction.com, LLC v. Grant St. Grp., Inc., 82 So.3d 1056, 1059 (Fla. 4th DCA 2011) (“Speculative testimony is not competent substantial evidence.”). Accordingly, we reverse the final judgment, of injunction for protection against stalking, with directions to dismiss the petition. REVERSED and REMANDED. COHEN, C.J., AND EVANDER, J., concur. LAMBERT, J., concurs and concurs specially, with opinion.