WALLIS, J.,
Appellant, Crystal McCaffrey, appeals the trial court's summary denial of her petition for injunction against stalking from Appellee, Aaron Ashley. In her injunction petition, Appellant alleged that over the span of several days Appellee, a former co-worker, sent her over 160 unwanted photographs, videos, and messages, which she described as "graphic, obscene sexual statements." Appellant also alleged that she requested that Appellee stop communicating with her and that these communications "made [her] feel very uncomfortable and unsafe." The trial court summarily denied the petition without prejudice, finding that the Appellant failed to allege sufficient facts even after being afforded an opportunity to amend her petition. In its denial, the trial court failed to provide any explanation as to how Appellant's allegations were insufficient.
"In order to be entitled to an injunction for stalking, the petitioner must allege and prove two separate instances of stalking." David v. Schack, 192 So.3d 625, 627-28 (Fla. 4th DCA 2016) (citing Roach v. Brower, 180 So.3d 1142, 1144 (Fla. 2d DCA 2015) ). "Each incident of stalking must be proven by competent, substantial evidence to support an injunction against stalking." Packal v. Johnson, 226 So.3d 337, 338 (Fla. 5th DCA 2017) (quoting David, 192 So.3d at 628 ). We note that the Fourth District Court has held that it is improper to summarily deny a petition for an injunction without providing an explanation "as to how the allegations are insufficient," or without a hearing. Chizh v. Chizh, 199 So.3d 1050, 1051 (Fla. 4th DCA 2016) (citing Sanchez v. State, 785 So.2d 672, 677 (Fla. 4th DCA 2001) ); see Vitale v. Holmes, 229 So.3d 832, 833 (Fla. 4th DCA 2017) ("[O]ur case law requires the court to hold a hearing, or otherwise provide an explanation of those deficiencies, prior to summarily denying the petition.").
In this case, Appellant was entitled to either an order that specified the deficiencies in her allegations or an evidentiary hearing. Accordingly, we reverse and remand this case for the trial court either to hold an evidentiary hearing or to provide a specific explanation for its denial.
REVERSED AND REMANDED with Instructions.
EDWARDS and EISNAUGLE, JJ., concur.